own obligation from an account· to a note could not have that effect; neither could the accommodation indorsement with which a friend might favor him. These circumstances work no wrong to creditors, and are, therefore, not within the evils this section of the law had in view.

Waiving all consideration of the other infirmities which we think are obvious in the case on the defense, an affirmance of the judgment is ordered.

The other Justices concurred.

Motion for special damages.

*E. W. Meddaugh,* for defendants in error, moved for special damages under § *5612, Comp. L.,* citing *Waterman v. Toms, 7 Mich., 78.*

*S. Larned, contra.*

THE COURT awarded twenty-five dollars damages.

---

## George D. Hill v. Ambrose V. Robinson and another.

*Assignment of error must be supported by exception.* Assignments of error, which are supported by no exception, will not be considered.

*Errors that work no injury, not considered.* Where a question is put which is objectionable only because it is calculated to draw out incompetent testimony, and an answer is permitted against objection, if the witness knows nothing on the subject, or if his answer is beneficial to the objecting party, even though the ruling be incorrect, the judgment will not be reversed for such an error.

Where a question is put, and under objection answered, and afterwards, on motion of the objecting party, the answer is stricken out, and the charge to the jury is such as to exclude from their consideration the subject matter of such question and answer, whether the exclusion of such evidence was proper or not, plaintiff in error has no ground of complaint.

*Answer not responsive to question: Effect of, when stricken out.* Where a proper question is put and objection to it properly overruled, and the witness answers the question, and then proceeds to state matters not responsive to the question, and this volunteered testimony is, on objection, at once stricken out, unless the case be a very peculiar and very strong one, such fault or mistake of the witness will not justify a reversal of the judgment.

*Objection to question not objection to irresponsive answer.* In such case the objection to the question is not to be considered as an objection to the irresponsive matter which the witness volunteered to state.

*Surrender of lease: What evidence of.* In an action to recover rent, where the defense set up is that the tenants surrendered and abandoned the lease and premises with the assent of the landlord, evidence of the occupancy of the premises, or a part of them, by third parties, of the delivery of the key to the landlord, and of negotiations between the landlord and third parties for a new letting, is competent upon the question of surrender in fact.

*Opinion of third person as to result of suit.* A question put to defendant, as to what a third person had told him about being beaten in the suit, is plainly improper.

*Evidence to rebut an inference of collusion.* Where defendants had given evidence tending to show that the plaintiff had treated with a third person for a new lease to such third person, prior to the expiration of the lease to them, and the plaintiff had introduced evidence tending to show that such negotiation was brought about by collusion between defendants and such third person to make a show of surrender of their lease, it was competent to ask such third person whether he had any conversation with defendants prior to his obtaining such lease from plaintiff.

*Heard April 21. Decided April 25.*

Error to Washtenaw Circuit.

The facts are set forth in the opinion.

*E. D. Kinne* and *(. D. Colman,* for plaintiff in error.

*H. J. Beakes* and *Lawrence & Frazer,* for defendants in error.

GRAVES, J.

This cause originated in a justice's court, where Hill sued defendants in error to recover an amount claimed by him to be due and unpaid upon a lease made by him to them, for a barn and office in Ann Arbor, from June 1, 1867, to May 1, 1869, at twenty-five dollars per month. The material defense, as stated in a notice attached to the general issue, was, in substance, that the premises were in untenantable condition, and that Hill agreed to put them in

23 MICH.—4.

suitable repair, but failed to do so, and that defendants surrendered and abandoned the lease and premises, with the assent and acquiescence of Hill.  The case being carried to the circuit court on appeal, the jury found for the defendants, and the plaintiff brought error.  Fourteen errors are assigned, of which the last is general and not special, as required by rule twelve; and the tenth, eleventh, twelfth and thirteenth, which relate to the charge, are supported by no exceptions. On the other hand, no error is assigned upon an exception stated on page twelve of the record, which related to the exclusion of certain evidence which was admitted subsequently.  No exception was taken to the charge of the court, and we must therefore assume that the plaintiff was satisfied with it.  The first assignment of error relates to a question put to Hill on his cross-examination.  In answer to it he denied having any recollection of the matter inquired about.  The question does not appear to have been put with a view to impeachment, nor did the objection to it imply that it was put with any such purpose.

The object seems to have been to prove an agreement on the subject of repairs.  Where a question is put which is improper only because it is calculated to draw out incompetent testimony, and an answer is permitted against objection, the injury wrought is by the answer; and if the ruling which allows the question is incorrect, and yet the witness knows nothing on the subject, or if his answer is beneficial to the objecting party, it works him no harm.—*Nailor v. Williams, 8 Wall., 107.*  As this view disposes of the point we have no occasion to inquire whether or not the question was admissible on cross-examination.

The second assignment of error is based upon an objection to this question put to Hill in his cross-examination.  He was asked whether, in a certain conversation with Robinson, it was agreed that if the back rent should be paid up, he,

Hill, would go on at once in repairing the barn. The court, in ruling upon the question, confined the inquiry to testimony showing surrender or abandonment by mutual consent, or in other words allowed the testimony called for by the question to come in, with the direction that it should be exclusively applied to that point. The charge afterwards expressly confined the defense to this ground. The answer given denied any such agreement, and denied that he, Hill, ever intended to make such an agreement. No objection was taken to this answer. This assignment of error falls within the same reason which overrules the first.

The third error alleged is based on the following question put to defendant Robinson: "Did you, on behalf of yourself and Mr. Baxter, enter into a new agreement with plaintiff in relation to the occupancy of the leased premises, and if so, what was such agreement?" The question being answered under objection, the court on motion of plaintiff's counsel struck the answer out. The answer so given and excluded tended to prove an agreement or arrangement by Hill to repair, and a declaration by Robinson, that if the repairs were not made according to agreement, no more rent would be paid. As this answer was stricken out on motion of plaintiff, it may be open to question whether it ought to be considered as before the jury so as to support his exception. But as this action of the court on the plaintiff's motion was followed by a direction to the jury that the plaintiff would be entitled to recover, unless they should find that the lease was surrendered, we think the plaintiff has no ground for complaint, and this opinion is formed without considering whether the exclusion of the evidence was proper or not. That point we need not determine.

The fourth assignment of error is grounded upon an objection to a question to Robinson, which immediately fol-

lowed the testimony struck out as just mentioned. The question was: "Did Mr. Hill make the repairs?" The witness first answered: "He did not make any repairs," and then proceeded to state several matters which were not responsive to the question, and this volunteered testimony being objected to was at once struck out and excluded by the court. The question itself was a proper one, and the objection to it was rightly overruled. It called for evidence bearing upon the point of actual surrender or abandonment, which was the vital issue in the case, and the direct answer to it, which was allowed to remain, was in favor of plaintiff. If the answer had been in the affirmative it would have shown acts by the landlord upon the premises during the term not consistent, according to his theory of his obligations and duties under the lease, with the continuance of the term as granted to defendants. It would also have had some bearing upon the question of actual possession, which in its turn must have borne also upon the question of surrender. The answer being in the negative, was in favor of the plaintiff, as it tended to exclude inferences of this kind. And when we consider how and in what connection the testimony was called out, and the rulings at the time, and the subsequent charge of the court, it is quite evident that the plaintiff in error was in no manner prejudiced.

The sixth error assigned is based on so much of the answer to the same question as was not responsive, and was subsequently stricken out on objection. The objection to the question on which this impertinent testimony was given, is not to be considered as an objection to the irresponsive matter which the witness volunteered to state. The court, when the objection was made, had to rule upon it according to its import, and could not by anticipation rule upon matter which the question did not

call for. As soon as the matter not called for by the question was objected to, it was excluded. It was impossible to do more. When an answer wholly departs from the question put, an objection to the question is to be considered independent of the impertinent or irresponsive answer.—*Bronner v. Frauenthal, 37 N. Y., 166.* The fault or ignorance of a witness in not confining himself to the exact question put to him, will not necessarily imperil a cause. When a witness for any reason gives an irresponsive answer and which is not competent evidence, and the answer is suppressed at once, the case must be a very peculiar and very strong one which would justify a reversal for such fault or mistake of the witness. We think that no wrong was done to plaintiff in error by what occurred in this instance.

The evidence as to occupancy of the premises, or part of them, by parties other than defendants in error, and of the delivery of the key to Hill, and of negotiations between Hill and third parties for new letting, was competent upon the question of surrender in fact. It had a bearing upon the real understanding of the parties as to whether the relation of landlord and tenants actually continued between them.

The question, put to Robinson as to what Axtell had told him about being beaten in the suit, was plainly improper. It was of no consequence what Axtell thought.

The exception, based on the permission to English to testify that, before he signed the lease made to him by Hill, he had no conversation with Robinson on the subject, is untenable. The defendants had sought to show acts by Hill during the agreed term inconsistent with the actual continuance of the relation created by the lease, and consistent only with the idea of a surrender or abandonment by consent. And they had given evidence tending to show, as one of these

acts, that Hill treated with English for a new lease to him before the time named in the lease to them had run out, and at or about the time of their ceasing to occupy. To meet this aspect of the defense, Hill claimed that he was brought to negotiate with English, through collusion between the latter and Robinson, the letting to English being intended to be used by Robinson to show a surrender of the lease sued on; and Hill testified that he wrote to English about leasing to him at the instance of Robinson. This evidence by English was, therefore, admissible as having some tendency to negative the imputed collusion, and further, as also tending in some slight degree to show that on the part of English the negotiation was not a sham but a real one.

We have now considered all the questions regularly before us, and find no ground for reversing the judgment, and it is, therefore, affirmed with costs.

The other Justices concurred.