PEOPLE v PAGE

1. CRIMINAL LAW—WITNESSES—PREJUDICIAL GRATUITOUS REMARK.

An unsolicited statement by a police officer, interjected into a debate between counsel on a procedural issue, linking the defendant charged with armed robbery with an unrelated narcotics offense was sufficiently prejudicial that the trial court's cautionary instruction was insufficient to cure the prejudice.

2. EVIDENCE—DOCUMENTS SUBMITTED TO JURY.

Submission to the jury of documents not introduced into evidence constitutes reversible error if substantial injury to defendant's cause might result.

3. CRIMINAL LAW—EVIDENCE—DOCUMENTS SUBMITTED TO JURY.

Submission to the jury of the preliminary examination transcript is reversible error in a criminal trial even where the submission was not objected to where the transcript contains testimony which would clearly be barred at trial.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 March 7, 1972, at Detroit. (Docket No. 12117.) Decided May 26, 1972.

Lawrence L. Page was convicted of armed robbery. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia D.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 253, 260.
[2, 3] 53 Am Jur, Trial § 441 *et seq.*

*Dockett,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: LEVIN, P. J., and V. J. BRENNAN and VAN VALKENBURG,* JJ.

V. J. BRENNAN, J. Defendant was tried and convicted by a jury in Detroit Recorder's Court for the crime of robbery armed. MCLA 750.529; MSA 28.797. Defendant appeals and raises numerous issues; of these, we need consider only two.

First, defendant argues that the court below erred in not granting his motion for a mistrial made after the following incident:

*"Q. [assistant prosecuting attorney]:* What were the circumstances of this arrest?

*"A. [Detroit Police Officer Vergil Starkey]:* We were assigned to the 5th Precinct to watch for newsboy holdups and at that time—

*"Mr. O'Connell [defense counsel]:* Well, I object to that answer and ask it to be stricken. How would this be evidence for this defendant, your Honor?

*"The Court:* What was the question?

*"Mr. Quaine [assistant prosecuting attorney]:* Your Honor, I ask what were the circumstances of this arrest.

*"The Court:* What is the purpose of that question?

*"Mr. Quaine:* Well, the question relating to circumstances under which the defendant was arrested at the time and place and what happened.

*"Mr. O'Connell:* And we objection *[sic],* your Honor.

*"A.* (by the witness): We observed the subject in front of a dope den and—

*"The Court:* Well, now, just a minute. Just a minute. Just hold you *[sic]* answer just a minute please.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"*Mr. O'Connell:* Your Honor, at this point I ask for a mistrial.

"*The Court:* Take the jury to the jury room please."

Defendant, of course, took exception to the police officer's uncalled-for remark that the defendant had been apprehended in front of a "dope den". The rule in Michigan is that such a remark, depending upon its character and the circumstances involved, may constitute grounds for a mistrial. In *People v Tutha,* 276 Mich 387, 393 (1936), the Supreme Court was confronted with a similar situation. Specifically, in that case, a police officer made an irrelevant and damaging statement regarding the defendant from the witness stand. In discussing this issue, the Court quoted with approval the following language from *Hill v Robinson,* 23 Mich 24 (1871):

" '*When a witness for any reason gives an irresponsive answer and which is not competent evidence, and the answer is suppressed at once, the case must be a very peculiar and very strong one* which would justify a reversal for such fault or mistake of the witness.' "

In *People v Kelsey,* 303 Mich 715, 717 (1942), the Court stated "a voluntary and unresponsive statement does not *ordinarily* constitute error". (Emphasis added.) The necessary implication from such language is that in certain circumstances such a statement made from the witness stand may well be grounds for a mistrial.[1]

We are of the opinion that in this case, despite the fact that the court cautioned the jury to disregard the statement when the court was charging the jury, the statement was sufficiently prejudicial to compel the grant of a mistrial. The statement

---

[1] See *People v Van Wie,* 17 Mich App 77 (1969).

was made by a police officer, one who would normally command the respect of the jury. The statement was not made in response to a question, in fact the officer made the uncalled-for statement while court and counsel were discussing the defendant's objection to a line of questioning, designed to bring out that information. The statement, by its nature, was extremely inflammatory; it associated the defendant, in the minds of the jury, with either or both traffic and use of narcotics. And, of course, that information bears no relevance whatever to the defendant's guilt or innocence of the crime charged. And, finally, while the evidence adduced at defendant's trial is certainly sufficient to support the jury's conclusions, there is something less than a strong case against the defendant, and the gratuitous remark interjected into the record might well have irreparably damaged defendant's opportunity to receive a fair trial.

The second issue to be considered is defendant's argument that the trial court improperly submitted the preliminary examination transcript to the jury during their deliberations. The transcript was not introduced into evidence; however, it was used by defense counsel for the purpose of cross-examining a major prosecution witness. The submission of the transcript to the jury was in response to a request by the jury, relayed to the court by the officer in charge of the jury, and granted in the presence of defense counsel, and without objection.

Unquestionably a portion of this transcript could be very damaging to the defendant. In fact, we cannot conceive of a situation where the entire transcript of a preliminary examination would be admissible into evidence at trial. The nature of a preliminary examination inevitably leads to the

introduction of evidence and informal on-the-record discussions which would clearly be barred at trial. Specifically, the following material which appears at the end of the transcript:

*"The Court:* * * * The bond in this case is ten thousand, under the circumstances I see no reason to make any order with respect to reduction of the bond. The two bonds make a total of twenty-five thousand dollars. It is obvious that you can't provide a bond.

*"Mr. Roberts [defense counsel]:* Well, certainly not in that amount, your Honor.

*"The Court:* Well, he will have to shot *[sic]* the court that he can provide reasonable bond in view of the charges, *both of which involves serious crimes.* I believe the bond is reasonably set as it is.

*"Mr. Roberts:* Well, he tells me that he can make the bond in the amount of twenty-five hundred dollars for the both of them, your Honor. He indicates that his mother is—

*"The Court:* I am not going to make any reduction of either bond. That's all."

*(Hearing concluded.) (Emphasis added.)*

There is no question that the submission to the jury of documents not introduced into evidence constitutes reversible error. *Osborne v United States,* 351 F2d 111 (CA 8, 1965); *Sawyer v United States,* 112 US App DC 381; 303 F2d 392 (1962). In *United States v Grady,* 185 F2d 273, 275 (CA 7, 1950), the Court stated, in discussing precisely the same issue:

" * * * it is sufficient to require a reversal if, in our judgment, the error might have operated to the substantial injury of the defendant."

It is obvious, from the transcript itself, *supra,* that it could very well have operated to defendant's "substantial injury".

The people argue that the error was not preserved since defense counsel was present when the transcript was submitted to the jury, and by his silence, acquiesced in its submission. In view of the gravity of the error, and great potential for prejudice to the defendant, and the fact that the case is a close one,

" * * * we are of the view that the question presented is too serious to go unnoticed even though it was not properly raised in the court below. Amendment VI of the Constitution of the below. Amendment VI of the Constitution of the United States provides: 'In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him.' The submission to the jury of the affidavits complained of was a palpable infringement of this constitutional right." *United States v Douglas,* 155 F2d 894, 896 (CA7, 1946).

Reversed and remanded.
All concurred.