## PEOPLE v HAUKOM

1. CRIMINAL LAW—WITNESSES—TESTIMONY—OTHER CRIMES—PREJU-
DICE.

   Disclosure by a witness, that a defendant was present at the scene
   of a crime other than the one for which he was being tried,
   where such testimony was elicited by the prosecutor and the
   court gave no precautionary instructions as to the relevance of
   the testimony, is prejudicial and reversibly erroneous.

2. CRIMINAL LAW—CONSTITUTIONAL LAW—RIGHT TO REMAIN SILENT—
PROSECUTOR'S QUESTIONS.

   A defendant's constitutional right to remain silent was not in-
   fringed by the prosecutor's questions where the defendant
   testified that the shooting for which he was being tried was an
   accident and that he had told the police nothing except that he
   wanted an attorney, and there was no indication that the
   prosecutor attempted to get the fact of the defendant's silence
   before the jury.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—PRIOR CRIMINAL RECORD—
CREDIBILITY.

   A trial judge is not required to give *sua sponte* a limiting
   instruction confining jury consideration of a defendant's prior
   criminal record solely to the issue of credibility.

Appeal from Ottawa, James E. Townsend, J.
Submitted Division 3 June 3, 1974, at Grand Rap-
ids. (Docket No. 17624.) Decided October 21, 1974.

Larry Haukom was convicted of assault with
intent to do great bodily harm less than murder.
Defendant appeals. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial §§ 579, 682 *et seq.*
[2] 29 Am Jur 2d, Evidence § 638 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 585.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Calvin L. Bosman,* Prosecuting Attorney, and Prosecuting Attorneys Appellate Service, *Edward R. Wilson, III,* Director (by *Aloysius J. Lynch,* Special Assistant Attorney General), for the people.

*Roper, Meyers & Knoll,* for defendant.

Before: HOLBROOK, P. J., and T. M. BURNS and R. L. SMITH,* JJ.

R. L. SMITH, J. The defendant appeals as of right from his March 15, 1973 jury conviction of assault with intent to do great bodily harm less than murder. MCLA 750.84; MSA 28.279. We reverse and remand for a new trial.

The defendant and a companion, Michael Bernia, had been drinking from about 3 p.m. on December 30, 1972 to some time before 2:45 a.m. the next morning. Bernia estimated that they consumed at least a case of beer and several rounds of whiskey. The defendant and Bernia drove around Muskegon and Ottawa counties engaging in the pastime of shooting at road signs with a .22-caliber pistol.

Sometime around 2:45 a.m. these two men arrived at the intersection of Beech Tree Street and Robins Road in Grand Haven. Bernia was driving and the defendant was seated next to him with the window open. As they approached the intersection they passed two boys. According to the testimony of the boys the person seated on the passenger side leaned out of the front window and pointed something down at them. They heard a shot, saw a flash, and one of the boys felt something hit his

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

foot. It was subsequently discovered that one of the boys had been hit in the foot with some metal fragments.

Bernia, testifying for the people, stated that the defendant said he was going to "shoot one of those guys" and after firing a shot said "I think I got one of them". The defendant testified that he said he was going to shoot one of those signs and that when it appeared to him that one of the boys, who he claimed not to have seen before he shot, may have been hurt he requested Bernia to stop the car but that Bernia instead sped away. Bernia testified in rebuttal that he was 50% sure that the defendant stated that he was going to shoot one of those guys but that he could be mistaken. Bernia denied that the defendant requested him to stop or that he sped away.

In his cross-examination of Bernia, defendant's attorney developed the fact that Bernia may have talked with one of the officers about dropping a pending charge in return for his cooperation in this case and that he may have had some hope that this would occur. In response to this development the prosecutor on redirect examination engaged in the following colloquy:

"*Q.* The charge has to be dropped or you hope it can be dropped is in what county?

"*A.* Muskegon County.

"*Q.* What happened there?

"*A.* I shot a guy there.

"*Q.* When?

"*A.* The same night.

"*Q.* With what?

"*A.* A .22-caliber pistol.

"*Q.* Who was with you?

"*A.* Larry Haukom.

"*Q.* Were you in the car when you shot him?

"*A.* Yes."

Defendant's motion for a mistrial was denied. The defendant claims reversible error and a denial of a fair trial by reason of the disclosure of the shooting incident in Muskegon County.

The defendant does not dispute the prosecutor's right to explain the testimony upon which a claim of bias may be made but contends that his right to do so stops short of any disclosure that the defendant may have been present during the commission of another crime. It appears that it was unnecessary to state the time of the Muskegon incident or the fact of the defendant's presence in order to fully inform the jury of any possible deal Bernia may have had in mind. The prejudicial effect of such a disclosure is apparent. No cautionary statement was made to the jury either at the time of the disclosure or in the court's charge.

Such disclosure associated the defendant with a similar incident that same evening, even though there is nothing in the record to indicate his reaction to it or his participation in it. The jury was left to speculate as to its relevancy and defendant's connection therewith. A somewhat similar situation was before this Court in *People v Page,* 41 Mich App 99; 199 NW2d 669 (1972). In *Page,* in spite of the court's cautionary instruction, this Court held that a gratuitous remark by a police officer associating defendant with a dope house by the mere assertion that the arrest was made in front of such a place irreparably damaged defendant's opportunity to receive a fair trial. In the case at bar the irrelevant testimony was elicited directly in response to the prosecutor's question and there was no cautionary instruction. Thus, the reasons for reversal are stronger here than they were in *Page.*

Defendant claims his constitutional right to remain silent was infringed by the prosecutor's questions. The record discloses that the defendant testified that the shooting was an accident. Thereafter, he testified that he told the police nothing except that he wanted an attorney. There is nothing to indicate that the prosecutor was attempting to get before the jury the fact that the defendant remained silent in the face of questioning. We find no error. *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973).

The defendant claims error in the failure of the trial court to *sua sponte* give a limiting instruction confining jury consideration of defendant's prior criminal record solely to the issue of credibility. We are not persuaded that the current law of Michigan requires the trial judge to give such an instruction *sua sponte. People v DerMartzex,* 390 Mich 410; 213 NW2d 97 (1973).

There was sufficient evidence upon which to warrant denial of the defendant's motion for a directed verdict of acquittal.

Reversed and remanded for a new trial.

All concurred.