## PEOPLE v LORENZO WILLIAMS

1. CRIMINAL LAW—EVIDENCE—PRIOR OFFENSES—STATUTES.

    Evidence of offenses other than the crime charged is ordinarily inadmissible against a defendant because it is collateral and because of the prejudice it brings to the jurors' minds; however, evidence of acts which tend to demonstrate the defendant's motive, intent, the absence of mistake or accident, or the defendant's scheme or plan in doing the criminal act is admissible (MCLA 768.27).

2. CRIMINAL LAW—PROSECUTOR'S REMARKS—UNRELATED OFFENSES.

    A prosecutor's unnecessary reference to irrelevant activity on the part of the defendant, which occurred contemporaneously with the offense charged, is improper where the result is to bring defendant's guilt of an unrelated offense before the jury.

3. CRIMINAL LAW—LARCENY—EVIDENCE—OTHER OFFENSES—REFERENCES—PREJUDICE—RELEVANCE.

    Permitting references, in a trial for larceny, to syringes, a needle and a substance suspected of being marijuana which were found upon a defendant was error where the references were prejudicial and allowed the jury to infer that the defendant was guilty of larceny because he might have committed other offenses, and where the items were logically irrelevant to the charge of larceny.

Appeal from Genesee, Philip C. Elliott, J. Submitted June 6, 1975, at Lansing. (Docket No. 21689.) Decided August 13, 1975.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 321.

[2] 75 Am Jur 2d, Trial § 269.

[3] 29 Am Jur 2d, Evidence § 320.

Comment note.—Admissibility in criminal case of evidence relevant to the crime charged, as affected by incidental disclosure of another crime by dependant. 170 ALR 306.

Lorenzo Williams was convicted of larceny in a building. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief Appellate Division, and *Elaine Dierwa Fischhoff,* Assistant Prosecuting Attorney, for the people.

*Joseph E. Baessler,* for defendant.

Before: Bashara, P. J., and J. H. Gillis and M. F. Cavanagh, JJ.

M. F. Cavanagh, J. Defendant appeals from his conviction of the offense of larceny in a building, MCLA 750.360; MSA 28.592, by a jury trial in Genesee County Circuit Court. He was sentenced to a term of 2-1/2 to 4 years in prison.

On February 27, 1974, a Hudson's Department Store security officer observed the defendant picking up a set of socket wrenches while in the store. The defendant carried the set to the sporting goods section of the store and set it down on a shelf. About a half hour later, he returned and picked up the socket set and proceeded to leave the store. As the defendant exited the store, he was stopped and searched by the security officer. In addition to the socket set which he was carrying, three syringes, a needle and a package of a substance which was suspected to be marijuana were found in the defendant's coat.

At the beginning of the trial, defense counsel moved that any reference to the syringes, needle and the substance suspected of being marijuana be excluded from the hearing of the jury because this evidence would be irrelevant and prejudicial. The trial judge, however, concluded that the evidence

would be probative as to the defendant's motive or intent for stealing the goods. Subsequently, the prosecutor questioned the security officer concerning the discovery of these items. The syringes, needle and the other substance were not admitted into evidence. During closing argument, the prosecutor referred to the discovery of the syringes and needle.

The only issue on appeal is the propriety of these references. The defendant argues that possession of these items was not logically or legally relevant to the prosecutor's proof of the crime of larceny in a building. He contends that the references were so prejudicial as to deprive the defendant of a fair trial. The prosecutor counters that the items are admissible pursuant to MCLA 768.27; MSA 28.1050, as probative of defendant's motive or intent to steal. He argues that the jury should be allowed to infer that the defendant has a drug habit and then to infer he stole the socket set to obtain funds to support this habit. No other evidence, however, was admitted to demonstrate a narcotics habit.

MCLA 768.27; MSA 28.1050 authorizes the admission of evidence of acts of the defendant which tend to demonstrate his motive, intent, the absence of mistake or accident or the defendant's scheme or plan in doing the criminal act. For example, in *People v Chism,* 390 Mich 104; 211 NW2d 193 (1973), the Michigan Supreme Court held that in a murder case admission of a pill bottle containing lye which was sent to the victim from the defendant was proper under the statute. This act tended to establish the defendant's intent to kill. The Court concluded that the acts were material and relevant. 390 Mich 104, 118–119.

Unless the evidence comes within MCLA 768.27

and is logically and legally relevant, the rule is that ordinarily evidence of other offenses is inadmissible because it is collateral and because of the prejudice it brings to the jurors' minds. *People v Yacks,* 49 Mich App 444, 451; 212 NW2d 249 (1973). The prosecutor's unnecessary reference to irrelevant activity on the part of the defendant, contemporaneous to the offense charged, is improper where the result is to bring before the jury defendant's guilt of an unrelated offense. *People v Charron,* 54 Mich App 26; 220 NW2d 216 (1974). See also *People v Page,* 41 Mich App 99; 199 NW2d 669 (1972), and *People v White,* 38 Mich App 651, 655; 197 NW2d 121 (1972).

We can discern little, if any, logical relevancy, in the circumstances of this case, between the defendant's possession of material "suspected" to be marijuana and a charge of larceny of socket wrenches. Assuming *arguendo* that the substance was marijuana, this does not permit the inference that the defendant needed to steal in order to support a drug habit. There is simply no logical connection between the two phenomena. The connection between the syringes and the larceny is not much stronger. There was no further attempt made to show that the defendant was a narcotics addict or that he was stealing to support a drug habit.[1]

The probative value of this evidence, if indeed there was any, is far outweighed by the diversion of the trier of fact from an objective appraisal of the defendant's guilt or innocence. See *People v DerMartzex,* 390 Mich 410, 413; 213 NW2d 97

---

[1] Whether evidence that the defendant was a narcotics addict would be admissible for the purpose of showing a motive for the commission of a crime is a question we need not decide. *See State v Taylor,* 8 NC App 88; 173 SE2d 633 (1970), and *Riley v State,* 168 Tex Crim 417; 328 SW2d 306 (1959).

(1973). Permitting the references by the prosecutor to these activities allowed the jury to infer that the defendant was guilty of the charged offense because he might have committed other offenses. See *People v Matthews,* 17 Mich App 48, 52; 169 NW2d 138 (1969).

The Michigan Supreme Court recently was unable to find logical and legal relevancy, to a charge of carrying a concealed weapon, in the prosecutor's questioning of the defendant concerning his poverty and unemployment. *People v Johnson,* 393 Mich 488; 227 NW2d 523 (1975). It might be argued that one's impoverished status furnishes a motive to utilize a gun in a robbery, but this type of speculative motive is not applicable under MCLA 768.27.

In the present case, reference to the possession of marijuana was erroneous because it is logically irrelevant to a charge of larceny. We also note that the security officer's references to the items found on the defendant's person were clearly prejudicial. Moreover, we cannot perceive that these references were probative as to the defendant's guilt or innocence of the charge of larceny from a building. Consequently, the trial court abused its discretion in refusing to preclude reference to the items found. *People v Deblauwe,* 60 Mich App 103; 230 NW2d 328 (1975).

Reversed.