PEOPLE v MULLINS

1. CRIMINAL LAW—EVIDENCE—OTHER CRIME—COLLATERAL EVIDENCE.
   Evidence which tends to show that a defendant has committed a
   crime other than the crime charged is generally inadmissible at
   trial because such evidence is usually collateral and prejudicial.

2. CRIMINAL LAW—EVIDENCE—BREAKING AND ENTERING—OTHER
   ACTS—USE OF HEROIN—DEFENDANT'S MOTIVE—PREJUDICIAL EV-
   IDENCE—STATUTES.
   Evidence that a defendant charged with breaking and entering
   used heroin shortly after the breaking and entering does not
   establish the defendant's motive, scheme or plan and does not
   fall within the purview of the statute which allows the admis-
   sion of evidence of an act by a criminal defendant which may
   tend to show the defendant's motive or intent; the admission of
   such evidence of the use of narcotics in a nondrug case may be
   prejudicial to such an extent that reversal is mandated (MCLA
   768.27; MSA 28.1050).

Appeal from Washtenaw, William F. Ager, Jr.,
J. Submitted October 4, 1977, at Lansing. (Docket
No. 28295.) Decided November 9, 1977.

Steve A. Mullins was convicted of breaking and
entering a building with intent to commit larceny
therein. Defendant appeals. Reversed and re-
manded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William F. Delhey,*
Prosecuting Attorney, and *John J. Hensel,* Senior

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 252, 253, 260.
   30 Am Jur 2d, Evidence § 320 *et seq.*
[2] 29 Am Jur 2d, Evidence §§ 324, 325.

Assistant Prosecuting Attorney, Chief, Appellate Division, for the people.

*Matuszak & Stillwagon,* for defendant on appeal.

Before: D. C. RILEY, P. J., and J. H. GILLIS and R. M. MAHER, JJ.

PER CURIAM. Defendant was convicted by a jury, on January 21, 1975, of breaking and entering a building with intent to commit larceny therein, MCLA 750.110; MSA 28.305. Following sentence, defendant appeals by right.

Defendant presents the following issues for our determination:

1) Was the evidence of heroin used by the defendant shortly after a breaking and entering properly admitted to establish a motive for the breaking and entering?

2) Was the large amount of money found by the police in the defendant's brother's apartment properly admitted into evidence?

The second issue is clear and simple. A question of fact was presented to the jury and they apparently determined that the brother had given permission to the police to enter his apartment and conduct a search. There was no error on this issue.

The first issue, however, requires reversal.

Generally, evidence which tends to show that a defendant has committed a crime other than that charged is inadmissible at trial. This is so because such evidence is usually collateral and prejudicial. *People v DerMartzex,* 390 Mich 410, 413; 213 NW2d 97 (1973). The admission of narcotic evidence in nondrug theft cases is prejudicial to such a degree that a reversal is mandated. It does not, under the facts of this case, establish defendant's

motive, intent, scheme or plan and fall within the purview of MCLA 768.27; MSA 28.1050.

For a detailed analysis of this problem, we refer the reader to *People v Lorenzo Williams,* 63 Mich App 389; 234 NW2d 537 (1975).

Reversed, and remanded for new trial.