PEOPLE v MORGAN

Docket No. 77-2958. Submitted June 15, 1978, at Lansing.—Decided October 2, 1978.

Sherman D. Morgan was convicted of breaking and entering a building with intent to commit larceny, Washtenaw Circuit Court, William F. Ager, Jr., J. The defendant appeals. *Held:*

The defendant's conviction must be reversed because during the trial the prosecutor engaged in a course of conduct which demonstrated a deliberate and concerted effort to introduce highly prejudicial but totally irrelevant material for the sole purpose of gaining a conviction at any cost.

Reversed.

CRIMINAL LAW—DUTY OF PROSECUTOR—JUSTICE.

A prosecutor has a duty to do justice; a course of conduct by a prosecutor which is for the sole purpose of gaining a conviction at any cost is offensive to our judicial system.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Brian Mackie,* Assistant Prosecuting Attorney, for the people.

*Josephson & Fink,* for defendant on appeal.

Before: D. E. HOLBROOK, P.J., and M. J. KELLY and P.J. MARUTIAK,* JJ.

M. J. KELLY, J. Defendant appeals his conviction of breaking and entering a building with intent to commit larceny, contrary to MCL 750.110; MSA 28.305. A review of the record in this case indi-

REFERENCE FOR POINTS IN HEADNOTE
63 Am Jur 2d, Prosecuting Attorneys § 27.
* Circuit judge, sitting on the Court of Appeals by assignment.

cates that defendant's conviction must be reversed due to the misconduct of the prosecutor at trial. The course of conduct adopted demonstrates a deliberate and concerted effort to introduce highly prejudicial but totally irrelevant material at trial for the sole purpose of gaining a conviction at any cost.[1] Such a course of conduct is offensive to our judicial system, which places upon the prosecutor not the duty to gain a conviction, but the obligation to do justice. As this Court said in *People v Brocato,* 17 Mich App 277; 169 NW2d 483 (1969):

" 'It is as much his [the prosecutor's] duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.' " *Brocato, supra,* at 304, quoting *Berger v United States,* 295 US 78, 88; 55 S Ct 629; 79 L Ed 1314 (1935).

Upon retrial, the prosecutor may not, upon pain of personal discipline as well as further reversal, question defendant about his drug habits,[2] the narcotics paraphernalia found on him at the time of his arrest, *People v Mullins,* 79 Mich App 515; 261 NW2d 67 (1977), *People v Lorenzo Williams,* 63 Mich App 389; 234 NW2d 537 (1975), or ask that he waive his privilege regarding his notes or

[1] One issue pertains to the scope of the prosecutor's cross-examination of a proposed character witness. At first the prosecutor had a favorable ruling from the trial judge but after recess the trial court, having referred to the cases cited by defense counsel, *People v Lewis Robinson,* 70 Mich App 606; 247 NW2d 308 (1976), and *People v McClow,* 40 Mich App 185; 198 NW2d 707 (1972), indicated a change of perspective but did not reverse his ruling. We would not base our reversal on this aspect alone because the prosecutorial misconduct here was nurtured by the trial court's failure to rule unequivocally.

[2] The prosecutor persisted in trying to get into evidence narcotics paraphernalia clearly having been ruled inadmissible as being irrelevant in a prosecution for breaking and entering. The prosecutor succeeded in showing the jury that defendant was apparently a drug addict thus circumventing the trial court's order.

communications with his attorney.[3] *People v Brocato, supra,* at 303. The prosecutor must also not question defendant's character witnesses, who testify only about defendant's reputation for truth and veracity, concerning their knowledge of defendant's arrest record.[4] *People v Lewis Robinson,* 70 Mich App 606; 247 NW2d 308 (1976), *People v McClow,* 40 Mich App 185; 198 NW2d 707 (1972).

Finally, the prosecution shall not ask anyone whether there have been previous breakings and enterings at the courthouse in order to determine that there was money kept at the courthouse.

This Court suggests that this reprimand will alert the trial court to keep inferences of misconduct, as well as instances, from recurring at a new trial.

Reversed.

D.E. HOLBROOK, P.J., concurs in the result only.

[3] The prosecutor persisted in forcing defendant to exercise his attorney-client privilege concerning notes written to his attorney during the trial for the ostensible purpose of leading the jury to believe that incriminating information was being suppressed.

[4] Arrests for which convictions were not obtained.