# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

UNPUBLISHED
October 15, 2015

v

DAVID LEE JAMERSON,

       Defendant-Appellant.

No.  322802
Alger Circuit Court
LC No.  2013-002058-FC

---

Before:  MARKEY, P.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM.

Defendant appeals by right his jury trial convictions of assault on a prison employee, MCL 750.197c(1), and assaulting an officer while performing his duty and causing injury, MCL 750.479(1)(3).  The trial court sentenced defendant as a habitual offender, fourth offense, MCL 769.12, to serve concurrent prison terms of 42 months to 50 years for the assault on a prison employee conviction, and 42 months to 15 years for the assault on an officer conviction.  We affirm but remand for a determination of a factual basis for the costs imposed on defendant.

Defendant first argues that evidence of his prior misconducts in prison should not have been admitted.  We agree in part but note that defendant failed to object and find no plain error that affected defendant's substantial rights.  MRE 103(d); *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

A prison records department supervisor testified on cross-examination that defendant could have remained imprisoned beyond the 20-year maximum for his 1991 sentence because prison misconducts could have extended his sentence.  A probation officer then explained that a maximum sentence cannot be increased by bad behavior, that defendant's 1991 sentence was being served consecutively to another sentence, that he was therefore not erroneously imprisoned, and that his 2017 release date was calculated correctly.

Defendant argues that evidence of his previous misconducts was not relevant and that it was used only to demonstrate his propensity for anti-social behavior.  "An important element of a fair trial is that a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence."  *Bruton v US*, 391 US 123, 131 n 6; 88 S Ct 1620; 20 L Ed 2d 476 (1968).  But, a defendant is entitled to a fair trial, not a perfect one.  *Id*. at 135; *People v Reed*, 449 Mich 375, 379; 535 NW2d 496 (1995).  Evidence is relevant if it has any tendency to make the existence of a fact that is of consequence to the action more probable or less probable than it

-1-

would be without the evidence. MRE 401. The relationship of the evidence to the elements of the charge, the theories of admissibility, and the defenses asserted govern whether it is relevant. *People v Yost*, 278 Mich App 341, 403; 749 NW2d 753 (2008).

To demonstrate that defendant was guilty of assault on a prison employee, plaintiff had to prove that defendant was lawfully imprisoned in a place of confinement. MCL 750.197c(1); *People v Williams*, 173 Mich App 312, 318; 433 NW2d 356 (1988). Defendant contested his confinement beyond 2011, and the supervisor speculated about the possibility that misconduct or "string" sentencing could have extended defendant's sentence. The supervisor did not discuss any specific instances of defendant's misconduct, only the possibility that misconduct might have extended his sentence. Moreover, the mention of possible misconduct was relevant to an element of the crime charged, that defendant was lawfully imprisoned.

Apart from these vague references to prison misconducts, a deputy warden reported that defendant had been in segregation twice. Defendant was asked on cross-examination about how much time he had spent in segregation, and he responded that he had volunteered for three months of segregation to avoid his wild cellmate. The deputy warden subsequently testified that a prisoner cannot volunteer to be segregated; he would only be segregated because of misconduct. Defendant was segregated twice for a total of ten months during his 18 months at this specific prison. Thus, prior misconducts were implied.

It does not appear that plaintiff's initial question regarding defendant's time in segregation could have elicited relevant information. The amount of time that defendant previously spent in segregation did not provide any information about any fact at issue in the case. Plaintiff had previously clarified that any time in segregation would not have affected the length of defendant's sentence, and the evidence did not relate to whether defendant assaulted the prison guard.

Likewise, evidence that defendant received a misconduct ticket due to the assault incident for which he was on trial was irrelevant. The facts of the assault were before the jury, which was empaneled to determine the validity of the charges. That the prison officials thought defendant's behavior warranted issuing a misconduct ticket could not aid the jury in its determination.

Other acts evidence is excluded except as allowed by MRE 404(b) to avoid the danger of conviction based on a defendant's history of misconduct. *People v Starr*, 457 Mich 490, 495; 577 NW2d 673 (1998). Generally, to be admissible under MRE 404(b), other acts evidence (1) must be offered for a proper purpose, (2) must be relevant, and (3) must not have a probative value substantially outweighed by its potential for unfair prejudice. *Id*. at 496. A proper purpose is one other than establishing the defendant's character to show his propensity to commit the offense. *People v Johnigan*, 265 Mich App 463, 465; 696 NW2d 724 (2005).

Although the evidence was objectionable, we note that the jury did not hear any reference to a specific act of misconduct by defendant other than the reference to the same incident for which defendant was on trial. Evidence that defendant was in segregation did not demonstrate a propensity for assaultive acts in the prison. Because the information was about time in segregation, generally, and not specifically about misconduct or violence, we conclude that the jury was unlikely to give the evidence much weight in light of the specific charges of assault.

Defendant also argues that the prosecutor committed misconduct by presenting evidence of defendant's misconduct and by arguing for conviction based on defendant's history of misconduct in prison. A defendant is denied a fair trial when a prosecutor deliberately and repeatedly introduces improper evidence for the purpose of gaining a conviction. *People v Morgan*, 86 Mich App 226, 227; 272 NW2d 249 (1978). Moreover, a prosecutor must refrain from denigrating a defendant with intemperate and prejudicial remarks. *People v Bahoda*, 448 Mich 261, 282-283; 531 NW2d 659 (1995). But review is precluded because defendant failed to object and could have potentially cured any error. See *People v Rodriguez*, 251 Mich App 10, 30; 650 NW2d 96 (2002). Further, some of the evidence regarding defendant's prior misconduct was admissible, and the irrelevant evidence did not affect a substantial right. Moreover, the remarks appear to have been made in the context of plaintiff's theory of the case, not as an effort to disparage defendant. The prosecutor was explaining how defendant could have the mindset to claim that he was disrespected and challenged while being the aggressor. The prosecutor argued that the evidence of defendant's history and behavior suggested that he may not have wanted to get out of prison, which was a reasonable inference from the evidence. See *People v Unger* (*On Remand*), 278 Mich App 210, 236; 749 NW2d 272 (2008) (noting that prosecutors "are generally free to argue the evidence and all reasonable inferences from the evidence as it relates to their theory of the case").

Defendant also argues that his trial counsel provided ineffective assistance in failing to object to the prosecutor's remarks and evidence of defendant's prior misconduct. A defendant's right to counsel is guaranteed by US Const, Am VI and Const 1963 art 1, § 20 encompasses the right to effective assistance of counsel. *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). To establish a claim of ineffective assistance of counsel a defendant must show (1) that counsel's performance was deficient and (2) that counsel's deficient performance prejudiced the defense. *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2006). Counsel's performance is deficient if it falls below an objective standard of professional reasonableness and causes prejudice when it is reasonably probable that but for counsel's error the result of the proceeding would have been different. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). The effective assistance of counsel is presumed, and the defendant bears the heavy burden of proving otherwise. *Id*. at 667-668.

Defendant did not demonstrate that when considered in context, the prosecutor's closing argument was improper. Counsel is not ineffective for failing to raise futile objections. *Cline*, 276 Mich App at 641-642. Trial counsel's performance, however, was deficient in failing to object to questions regarding defendant's time in segregation.

Nonetheless, the evidence against defendant was compelling considering that several prison staff witnessed defendant assaulting the officer, and only defendant stated that he was provoked. The officer required medical attention, and no one, including defendant, testified that the guard struck defendant. The video recordings of the incident did not support defendant's theory that he was defending himself. Based on this evidence, defendant cannot demonstrate that the jury's credibility determination would have changed absent the references to segregation. Thus, defendant has not established a reasonable probability that but for counsel's error the result of the proceeding would have been different. *Jordan*, 275 Mich App at 667.

Next, defendant argues that evidence that he was found guilty in a prison disciplinary hearing of misconduct on the basis of the incident for which he was on trial was inadmissible. He also argues that his trial counsel was ineffective for failing to object. We agree that the outcome of the disciplinary hearing was not relevant to the circumstances of the assault and should have been excluded. But, again, defendant is not able to demonstrate that admission of the evidence was prejudicial or outcome determinative. Despite the jury's knowledge of the outcome of the disciplinary proceedings, defendant did not argue that he did not hit the officer; he claimed that he was defending himself. However, several officers testified that defendant was the aggressor and punched the officer. Additionally, the video recordings of the incident support the officers' testimony that the officer involved did not instigate or provoke defendant. There was no evidence that the officer hit defendant at any time, even after defendant hit him. Thus, it is not likely that a jury would have acquitted defendant if this evidence had been properly excluded. Since the error was not outcome determinative and did not deny defendant a fair trial, we conclude it was not error requiring reversal.

Next, defendant argues that the trial court erred in denying his motion for substitute counsel. The Court reviews a trial court's decision regarding substitution of counsel for an abuse of discretion, which occurs when the court's decision falls outside the range of reasonable and principled outcomes. *People v Strickland*, 293 Mich App 393, 397; 810 NW2d 660 (2011).

"Appointment of a substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process. Good cause exists where a legitimate difference of opinion develops between a defendant and his appointed counsel with regard to a fundamental trial tactic." *People v Mack*, 190 Mich App 7, 14; 475 NW2d 830 (1991)(citations omitted). Whether good cause existed under the circumstances is determined by the individual facts in each case. *People v Buie (On Remand),* 298 Mich App 50, 67; 825 NW2d 361 (2012).

Where a defendant asserts that his trial counsel is not adequate or diligent, the trial court should hear the defendant's claim and state its findings and conclusion on the record. *Strickland*, 293 Mich App at 397. Here, defendant complained that he was having the same problems he had with his first trial counsel: obtaining witness statements and video evidence. Defendant's trial counsel stated that he had submitted a discovery request for the video and had interviewed inmates and staff as possible witnesses but concluded that their testimony would not have been helpful. The trial court found that defendant's trial counsel had diligently prepared for trial.

A complete breakdown of the attorney-client relationship or disagreement over whether a particular line of defense should be pursued may justify appointing new counsel. *Buie*, 298 Mich App at 67. Defendant, however, does not specify any witnesses that trial counsel did not consider, and he does not argue that his trial counsel failed to present a particular defense. Defendant stated that the prisoner witnesses would have testified about an incident in the shower on the morning of the assault. Defendant's trial counsel responded that he had discussed the case with defendant and had followed up on defendant's concerns. A trial counsel's decisions about what evidence to present and what arguments to make are matters of trial strategy, and defendant's disagreements with his counsel's trial strategy or professional judgment do not justify a substitution of counsel. *Strickland*, 293 Mich App at 398. The record does not

demonstrate that defendant's trial attorney was inattentive, inadequate, or disinterested. The trial court did not abuse its discretion in denying defendant's motion for substitute trial counsel.

Finally, defendant argues that the trial court erred in imposing $300 in costs on defendant. The trial court imposed costs under MCL 769.1k(1)(b)(*ii*), which then provided that the court could impose "[a]ny cost in addition to the minimum state cost set forth in subdivision (a)." However, in *People v Cunningham*, 496 Mich 145, 154, 158-159; 852 NW2d 118 (2014), the Court held that MCL 769.1k(1)(b)(*ii*) did not authorize trial courts to impose "any cost" on a defendant, but only those costs "that the Legislature has separately authorized by statute." In the instant case, defendant was convicted of violating MCL 750.197c(1) and MCL 750.479(3), both of which provided for the imposition of fines and not costs. Thus, under *Cunningham*, MCL 769.1k(1)(b)(*ii*) did not authorized the trial court to assess costs to defendant.

Subsequently, on October 17, 2014, the Legislature enacted 2014 PA 352, which amended MCL 769.1k to authorize a trial court to impose "any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case." MCL 769.1k(1)(b)(*iii*). The costs authorized under MCL 769.1k include, but are not limited to "salaries and benefits for relevant court personnel," "goods and services necessary for the operation of the court," and "necessary expenses for the operation and maintenance of court buildings and facilities." MCL 769.1k(1)(b)(*iii*)(A),(B), and (C).

The amended act was given immediate effect. Enacting section 1 of 2014 PA 352 provided that it was to apply to costs assessed before June 18, 2014, and after the effective date of the amendatory act. Enacting section 2 provided that "[t]his amendatory act is a curative measure that addresses the authority of courts to impose costs . . . before the issuance of the Supreme Court opinion in [*Cunningham*]." 2014 PA 352, enacting § 2. Here, the trial court issued the judgment of sentence providing for the costs on April 22, 2014. Thus, applying the Legislature's expressed intent means the amended act retroactively provided the trial court in this case with the authority to impose costs on defendant that were reasonably related to the trial court's actual costs.

Defendant argues that MCL 769.1k, as amended, could not be applied retroactively to him because to do so would violate protections against ex post facto laws, US Const, art 1, § 10; Const 1963, art 1, § 10, since the costs are a form of punishment that was not authorized at the time defendant committed the sentencing offenses. This Court, however, recently rejected this same argument in *People v Konopka*, ___ Mich App ___; ___ NW2d ___ (2015), holding that the retroactive application of MCL 769.1k did not violate protections against ex post facto punishments. The court applied the test set forth in *People v Earl*, 495 Mich 33, 38-39; 845 NW2d 721 (2014), to determine that the Legislature intended the costs provision of MCL 769.1k(1)(b)(*iii*) to be a civil remedy, and that the costs provision in MCL 769.1k(1)(b)(*iii*) was not so punitive in purpose or effect to negate the Legislature's civil intent. *Id*.

Thus, the trial court's imposition of costs was authorized by retroactive application of MCL 769.1k(1)(b)(*iii*), as provided by the Legislature. *Konopka*, ___ Mich App at ___. As in *Konopka*, however, the trial court did not provide the factual basis for the costs imposed pursuant to MCL 769.1k(1)(b)(*iii*). Consequently, we must remand for such a determination.

We affirm but remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Cynthia Diane Stephens
/s/ Michael J. Riordan