PEOPLE v. CANNON.

1. BURGLARY—BREAKING AND ENTERING—CIRCUMSTANTIAL EVIDENCE.
   In prosecution for breaking and entering store in nighttime with intent to commit larceny, evidence, although circumstantial, *held*, sufficient to justify verdict of guilty.

2. CRIMINAL LAW—TRIAL—INSTRUCTIONS.
   Failure of trial court to define some of the terms used in charge to jury in prosecution for breaking and entering store in nighttime with intent to commit larceny was not error, where terms used are easily understood and no request thereon was preferred (Act No. 175, Pub. Acts 1927, chap. 8, § 29).

Error to Recorder's Court of Detroit; Van Zile (Donald L.), J. Submitted October 16, 1930. (Docket No. 153, Calendar No. 34,997.) Decided December 2, 1930.

Mitchell Cannon was convicted of breaking and entering a store in the nighttime with intent to commit crime of larceny. Affirmed.

*Albert C. Doyle* (*Harry Riseman,* of counsel), for appellant.

*Wilber M. Brucker,* Attorney General, and *James E. Chenot,* Prosecuting Attorney, and *Kenneth C. Weber,* Assistant Prosecuting Attorney, for the people.

FEAD, J. Defendants, husband and wife, were convicted of breaking and entering a store in the nighttime, with intent to commit the crime of larceny. Mitchell Cannon alone reviews. The prin-

cipal question is whether there was any substantial evidence to justify submission of his guilt to the jury. He did not testify. Mrs. Cannon did.

The store of Harry Ehrlich is located on the west side of Woodward avenue in Detroit, north of the corner of Davenport avenue. About 3 o'clock in the morning of June 5, 1929, Mrs. Cannon and either one or two men broke a front window of the store, abstracted some goods, and made away with them. They were discovered in the act by Max Chester and Roland Dunn, who were driving on Woodward avenue and who testified they saw only one man with Mrs. Cannon. She said there were two, neither of whom was her husband. Chester and Dunn came up, a man and Mrs. Cannon fled around the corner on Davenport avenue, Mrs. Cannon turned north in an alley, carrying a box under her arm. The man went west toward Cass avenue, the next street. Mrs. Cannon testified that the other man left the scene before she did. Chester and Dunn pursued Mrs. Cannon and caught her at the end of the alley, on Parson street. She told them she was looking for her husband, who was drunk, and asked them to take her home. She did not have the box with her then. They took her to her apartment at the corner of Prentis and Second avenues, some blocks away. They then went to a near-by corner and watched. In about two minutes a cab drove up to the apartment, containing Cannon and another man. They had taken the cab at the corner of Davenport and Cass avenues. They told the driver to wait at the apartment. One or both went inside and returned in two to five minutes with Mrs. Cannon. They went back to the alley, Cannon stayed in the cab, and the other man and Mrs. Cannon got out. The man brought a box from the alley and put it in the car.

Chester and Dunn had followed them, appeared with a policeman, the man fled, and Mrs. Cannon kicked the box out of the car but it fell on the running board and remained there. She and Cannon were arrested. Cannon was partially intoxicated and asked to know for what he was arrested, claiming to have no knowledge of any reason. Mrs. Cannon testified that Cannon was not with her on the first expedition, that he was drunk when she left and was sleeping at home when she returned. On search of the apartment subsequent to her arrest two articles from Ehrlich's store were discovered on the table.

The jury could have found that two men were with Mrs. Cannon when the offense was committed and that one was Cannon. His appearance at the corner, a block away from the store, to which the other man had escaped, at once after the breaking, the immediate engaging of the cab, driving directly to the apartment and returning to get the stolen goods, connected him so closely with the offense that the jury was justified in finding that he was a participant in it. While the evidence was circumstantial, it was substantial and justified the verdict.

The failure of the court to define some of the terms used in the charge was not error, both because the terms are easily understood and also because defendant failed to prefer request thereon. Act No. 175, Pub. Acts 1927, chap. 8, § 29.

The record discloses no reversible error, and the judgment is affirmed.

Wiest, C. J., and Butzel, Clark, McDonald, Potter, Sharpe, and North, JJ., concurred.