PEOPLE v PHILLIPS

1. CRIMINAL LAW—INDICTMENT AND INFORMATION—INCONSISTENT VERDICTS.

    Verdicts on two informations tried together will not be held inconsistent if they can be explained on any rational basis.

2. CRIMINAL LAW—INCONSISTENT VERDICTS—FELONIOUS ASSAULT—CARRYING A CONCEALED WEAPON.

    A verdict of guilty on a charge of felonious assault with a knife is not inconsistent with a verdict of not guilty on a charge of carrying a knife over three inches in length, because conviction on the assault charge does not require proof as to the length of the knife while a conviction on the latter charge would require the prosecution to prove that the knife was over three inches in length.

Appeal from Recorder's Court of Detroit, William J. Giovan, J. Submitted Division 1 June 23, 1972, at Detroit. (Docket No. 12794.) Decided October 27, 1972.

David L. Phillips was convicted of felonious assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Michael R. Mueller,* Assistant Prosecuting Attorney, for the people.

*Michael J. Reilly,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur 2d, Indictments and Informations §§ 308, 309.
[2] 6 Am Jur 2d, Assault and Battery § 96 *et seq.*

Before: J. H. GILLIS, P. J., and McGREGOR and
BRONSON, JJ.

PER CURIAM. Defendant was tried before a jury
on a two-count information, ultimately being
found guilty of the first charge, felonious assault,
MCLA 750.82; MSA 28.277, and not guilty of the
second charge, carrying a dangerous weapon with
unlawful intent, MCLA 750.226; MSA 28.423. Both
charges arose out of the same set of circumstances.
Complainant testified that at 11 p.m. on the eve-
ning of Sunday, April 11, 1971, she was in the
process of locking her car door when she heard
footsteps behind her. She turned around to see a
man six feet from her who said, "Don't scream,
you'll be sorry". He then pulled out a knife, which
she testified was over three inches in length, and
continued walking toward her. She then backed
onto the street and screamed. A Detroit police
officer testified that prior to the assault he had
been keeping the defendant under surveillance. He
observed him approach the complainant and ex-
tend an object which appeared to be a knife. When
complainant screamed, the officer ran to her assist-
ance, whereupon the assailant fled. Defendant was
apprehended in the area a short time thereafter.
The knife in question was never introduced into
evidence, not having been found.

It is defendant's contention on appeal that the
two verdicts are inconsistent, *i.e.,* the elements
contained in the offense of carrying a dangerous
weapon with unlawful intent being encompassed
within the charge of felonious assault, an acquittal
on the former charge necessitates as a matter of
logic an acquittal on the latter. The two pertinent
statutes read as follows:

"Any person who shall assault another with a gun,

revolver, pistol, *knife,* iron bar, club, brass knuckles *or other dangerous weapon,* but without intending to commit the crime of murder, and without intending to inflict great bodily harm less than the crime of murder, shall be guilty of a felony." MCLA 750.82; MSA 28.277. (Emphasis supplied.)

"Any person who, with intent to use the same unlawfully against the person of another, goes armed with a pistol or other firearm or dagger, dirk, razor, stiletto, or *knife having a blade over 3 inches in length, or any other dangerous or deadly weapon or instrument,* shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 5 years or by a fine of not more than 2,500 dollars." MCLA 750.226; MSA 28.423. (Emphasis supplied.)

The verdicts on two informations tried together will not be held reversibly inconsistent if, upon a consideration of the facts and circumstances of the case, they can be explained on any rational basis. 16 ALR3d 866, § 5, p 870. The second count of the information charged that defendant had violated MCLA 750.226; MSA 28.423, prohibiting the carrying of a dangerous weapon with unlawful intent by being armed with and in possession of a knife, having a blade over three inches in length.*

The trial judge in his instructions to the jury made the following comment:

"But in any event the elements of the second charge that I will read to you you would have to find beyond a reasonable doubt, first, that the defendant, David Lewis

---

* "Count I—with and by means of a certain dangerous and offensive weapon, to-wit: A knife with force and arms feloniously did make an assault upon the above-named complainant, but without intending to commit the crime of murder and without intending to inflict great bodily harm less than the crime of murder upon the said complainant, contrary to Sec. 750.82 C.L. 1948.

"Count II—with intent to use unlawfully against the person or property of another went armed with and had possession of *a knife having blade over 3 inches in length,* contrary to Sec. 750.226 C.L. 1948." (Emphasis supplied.)

Phillips, on April 11, 1971, and in the City of Detroit, *went armed with a knife having a blade over three inches in length* with the intent to use that knife unlawfully against the person of another.

"I don't think there is anything in those terms that need definition. There is, as you can see now, some difference in the two charges brought here against the defendant. In one, the basic charge is the fact that an assault is made against the other particular person, and in the second offense the basic charge or the gist of the offense is that the person is armed with an instrument, *here a knife over three inches in length,* and coupled with the intent to use the instrument unlawfully against the person of another." (Emphasis supplied.)

It certainly appears logical in light of the above to say that the verdict of not guilty on the second count might well reflect the jury's determination that the state failed to prove, beyond a reasonable doubt, that the knife used in the assault was over three inches in length. Whether it was necessary for the information to specify the length of the knife blade in the alleged offense need not be decided by us in this opinion. The fact that it did, together with the import of the trial judge's instructions, provides us with a rational basis for reconciling the verdicts in this case.

Affirmed.