PEOPLE v TALLEY

1. EVIDENCE—DOCUMENTS NOT IN EVIDENCE—SUBMISSION TO JURY.

The submission to the jury of documents not introduced in evidence constitutes reversible error if it might have operated to the substantial injury of the defendant, and even a waiver by defense counsel does not necessarily cure the error.

2. CRIMINAL LAW—EVIDENCE—DOCUMENTS NOT IN EVIDENCE—SUBMISSION TO JURY—PREJUDICE.

Submission to the jury of photographs which had not been admitted in evidence and which tended to confirm an assault victim's testimony that the defendant was at the scene of the assault was reversible error where counsel had not agreed to the photographs being submitted and confirmation of the victim's testimony that the defendant was at the scene would necessarily have led to a conviction.

Appeal from St. Clair, Halford I. Streeter, J. Submitted Division 1 June 24, 1974, at Detroit. (Docket No. 16925.) Decided November 25, 1974. Leave to appeal applied for.

Randolph Talley, Jr., was convicted of assault with intent to commit murder. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Marc L. Goldman,* Assistant State Appellate Defender, for defendant.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 75 Am Jur 2d, Trial § 1028.

Before: Bashara, P. J., and Danhof and Churchill,* JJ.

Churchill, J. On November 17, 1972, Randolph Talley, Jr., was found guilty by a jury of assault with intent to commit murder. MCLA 750.83; MSA 28.278. He was sentenced to serve a prison term of 10 to 20 years and appeals as of right.

Donald Adams testified that on July 31, 1972, he agreed to accompany Talley and codefendant Joshua Young from Detroit to Port Huron. He said that they travelled in an Oldsmobile belonging to Young's father. On the way, the vehicle driven by Talley or Young was stopped. All the men got out of the vehicle. According to Adams, Talley shot Adams. We need not recite the sordid details of the assault. If Adams' version of the testimony was true then there is no question that Talley is guilty of the offense charged.

Talley testified that Adams left the Talley home in an orange Volkswagen. He further testified that he, Talley, had not left Detroit on the night in question and that he had not assaulted Adams.

The prosecuting attorney introduced evidence tending to corroborate Adams' version of the assault, and tending to establish a motive for an assault with intent to kill by Talley.

In addition to photographs of the scene of the shooting, which included photographs of the tire tracks, the prosecuting attorney introduced photographs of the Oldsmobile belonging to Young's father, including photographs of the tires on the Oldsmobile. Although they were received without objection initially, when the prosecuting attorney offered to show the photographs to the jury, defense counsel objected and the court reserved the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

issue. Later, before the jury saw the photographs, a conference was held in chambers between the judge and counsel. The prosecuting attorney, in response to a question by the court, informed the court that it would not be possible to introduce any expert testimony identifying the tires on the Oldsmobile as the tires that made the tire marks in the photographs taken at the scene. This inability was corroborated by testimony of a police expert taken outside the hearing of the jury. The prosecuting attorney informed the court that the photographs were introduced to show that the Young vehicle could have made the prints at the scene.

The defendants each moved for a mistrial. The motions were denied by the court, but the court ordered that the photographs of the tires on the Oldsmobile be excluded from evidence. Talley's attorney then asked:

"Your Honor, would defendant be entitled to jury instructions to the effect that exhibits have been withdrawn as not being sufficiently tied in on the part of the prosecution?"

The prosecutor stated that he would have no objection to an instruction that the exhibits "have been excluded from the case and are to be given no weight or consideration and so forth".

The court responded:

"Counsel may ask me the question in the presence of the jury."

The jury was called back and immediately sent out to lunch. No further request was made, then or later, and no special instruction was given, then or later.

During the course of their deliberations the jury sent a note to the court, as follows:

"May we have the crime scene photographs and the alleged wallet of Mr. Adams?"

The court then said:

"In response to the communication to *[sic]* the jury room counsel has agreed that Exhibits 16, 6, 5, 21, 22, 19, 20—Exhibits 14 through 22 and Exhibit 1 will be delivered to the jury room by the officer at this time."

Exhibit 1 was the wallet. Exhibits 14 through 22 were pictures of the scene, including pictures of the tire marks.

Exhibit 5 and 6 were pictures of the tires on the Young Oldsmobile. It is by no means clear that counsel agreed to submit Exhibits 5 and 6 to the jury room.

The submission to the jury of documents not introduced into evidence constitutes reversible error if it might have operated to the substantial injury of the defendant, and even a waiver by defense counsel does not necessarily cure the error. *People v Page,* 41 Mich App 99; 199 NW2d 669 (1972).

In this case, confirmation of Adams' testimony that the Young Oldsmobile was at the scene would necessarily have led to a conviction. Under these circumstances, we have little choice except to reverse and remand for a new trial.

Reversed and remanded.

All concurred.