PEOPLE v FIELDS

1. CRIMINAL LAW—JURY—VERDICT OF GUILTY—APPEAL AND ERROR.

A jury verdict of guilty should not be disturbed on appeal if sufficient evidence exists to sustain the verdict.

2. CRIMINAL LAW—INDICTMENT AND INFORMATION—INCONSISTENT VERDICTS—RATIONAL BASIS.

Michigan has adopted the rule that when two charges against a defendant are tried together, verdicts thereon will not be held inconsistent on appeal if they can be explained on any rational basis.

3. CRIMINAL LAW—JURY—INCONSISTENT VERDICTS—MANSLAUGHTER—INTENT.

Jury verdicts of guilty of manslaughter and of assault with intent to commit murder are not inconsistent in a case in which a single shotgun blast injured one person and killed another where, upon the proofs presented, the jury could have found that the defendant had an entirely different intent as to each of the victims.

4. CRIMINAL LAW—PROSECUTOR'S REMARKS—PRESERVING QUESTION.

A defendant's contention that the prosecutor improperly commented on the defendant's failure to take the stand is not appealable where no objection to the comment was made at the trial.

Appeal from Genesee, Harry B. McAra, J. Submitted October 7, 1975, at Grand Rapids. (Docket No. 20154.) Decided January 6, 1976. Leave to appeal denied, 396 Mich 847.

Cyrano D. Fields was convicted of assault with intent to do great bodily harm, assault with intent

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 883.

[2, 3] 76 Am Jur 2d, Trial §§ 1155–1162.

[4] 5 Am Jur 2d, Appeal and Error § 545.

to commit murder, and manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Peter A. Marroso,* for defendant.

Before: N. J. KAUFMAN, P. J., and R. B. BURNS and G. R. DENEWETH,* JJ.

G. R. DENEWETH, J. On February 12, 1973 the defendant in this case and his brother, Andre, were jointly involved in an altercation in the City of Flint, Genesee County. It appears that Andre had been involved in a quarrel with one Samuel Curry concerning certain loans which had been made to him by Curry. Curry and one Jackie Terry had met with Andre at sometime previous to the incident in question, in fact, earlier that same day, in which an argument ensued. Andre then returned home, recruited his brother, the defendant Cyrano Fields, picked up a sawed-off shotgun and returned to the scene of the altercation with the defendant who was armed with a pistol. The two brothers, Andre Fields and the defendant, then went to the Davis Food Center in Flint where they met Curry and Terry. The argument continued where it had left off earlier and the brothers urged Curry to step outside. It appears that the defendant pointed his pistol at Curry, asking him if he was "ready to die", then struck Curry with the pistol, and following this, shot him. At this point Terry attempted to inter-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

vene whereupon he was killed by a blast from the sawed-off shotgun carried and fired by Andre. A bystander, Gregory Spotsville, was also hit by shotgun pellets from the blast which killed Terry. It appears that prior to the blast being fired, Andre Fields had warned Spotsville to step aside, Spotsville failed to do so, Andre fired anyway, killing Terry and seriously wounding Spotsville. After the shooting occurred the defendant and his brother Andre left the store, the defendant firing his pistol to cover the retreat, at least one of the shots hitting the body of Terry. The defendant was arrested and was charged with the following crimes: (1) assault with intent to murder Curry; (2) aiding and abetting the crime of assault with intent to commit murder on Spotsville; and (3) aiding and abetting in the second-degree murder of Terry. The three cases were consolidated and tried as one by the circuit court for Genesee County. After trial the jury rendered the following three verdicts: (1) guilty of assault with intent to do great bodily harm on Curry; (2) guilty of assault with intent to commit murder on Spotsville; (3) guilty of manslaughter on Terry. A motion to set aside the verdict in case number two, namely, assault with intent to commit murder on Spotsville, was filed. This appeal was taken from the denial of that motion. Defendant assigns three questions of error:

(1) Whether the verdict of assault with intent to commit murder on Spotsville was against the greater weight of the evidence. It should be noted here that the defendant's brief would appear to devote itself to the question of whether or not this verdict was inconsistent with the proofs introduced in light of the verdict of manslaughter in the case involving the Terry homicide.

(2) Whether the same verdict was contrary to the instructions of the court, and

(3) Whether the prosecutor improperly commented upon the failure of the defendant to give testimony in the case.

In order to resolve the troublesome questions presented by the jury verdict in the three cases it is necessary to begin with a consideration of the case of *People v Palmer,* 392 Mich 370; 220 NW2d 393 (1974), and *People v Moore,* 306 Mich 29; 10 NW2d 296 (1943). Based upon the authority set forth in these cases it is obvious that if sufficient evidence exists to sustain a verdict of guilty, such verdict should not be disturbed on appeal. It is obvious that sufficient evidence existed in this case to convict Andre Fields and hence the defendant Cyrano Fields of second-degree murder in the Terry killing. See *People v Shegog,* 44 Mich App 230; 205 NW2d 278 (1972). If this verdict had been reached it is equally obvious that no inconsistency in the findings of the jury in any of the cases would be present. Defendant argues, however, that the verdict of manslaughter in the Terry killing precludes a verdict of assault with intent to commit murder against the defendant for the Spotsville assault, in light of the fact that both consequences resulted from a single shotgun blast. This being the thrust of the defendant's argument it is equally obvious that he is not disputing the manslaughter conviction or his assault conviction in the case of Samuel Curry. His real argument, if he has one, is with regard to the assault conviction against Gregory Spotsville. Michigan has long adopted the rule that when two informations are tried together in a single trial, verdicts thereon on appeal will not be held inconsistent if they can be explained on any rational basis. For a recent

discussion of this rule, see *People v Phillips,* 43 Mich App 581; 204 NW2d 250 (1972). This Court has reached the conclusion that here there is a legitimate rational basis to explain the verdict rendered.

Just prior to the Terry shooting, Andre Fields, who fired the shot, warned Spotsville to step aside and when he did not Andre nonetheless fired the shotgun blast. While it is entirely conceivable that at the time he fired the blast at Terry, Andre Fields was in such an emotional state as to rule out the existence of necessary intent upon which to predicate a conviction of murder, it would appear, however, to this Court that his warning to Spotsville would indicate a deliberate, wilful warning of the consequences to come and his subsequent act, despite said warning and despite the failure of Spotsville to move, would indicate the presence of the necessary intent upon which a jury could very logically predicate a conviction of murder.

This Court is of the opinion that although only one shot was fired, the jury could very well, upon the proofs presented, have found an entirely different intent as to each person assaulted. The court's instruction to the jury is entirely consistent with the existence of this possibility. The defendant in his brief has placed considerable stress on his contention that there was but a single event in this case. However, see *State v Barker,* 94 Ariz 383; 385 P2d 516 (1963). In that case three victims were engaged in an argument with the defendant who fired a gun at them, killing one and wounding the other two. The defendant therein was convicted of a homicide and acquitted of the assaults. The Arizona Supreme Court affirmed the conviction, noting the indivisible nature of the event, but

found that the homicide and the assaults were separate charges for each of which the defendant could have been punished, and concluded that the verdicts were not, therefore, necessarily inconsistent since the evidence would have been sufficient to convict on each count, had the jury so decided. That is the case here. The jury having reached an inherently logical verdict given the instructions of the trial court and the evidence presented, this Court is, therefore, of the opinion that the verdict should not be disturbed.

The defendant further contends that the prosecutor improperly commented on his failure to take the stand. No objection was made at the trial and under the authority of *People v Giacalone,* 52 Mich App 428; 217 NW2d 444 (1974), this Court is of the opinion that this is not, therefore, an appealable issue. In passing, however, the Court should note that the prosecutor's language objected to was not improper. It can best be characterized as argument to the jury referring to a lack of evidence supporting the defendant's claim even though it incidentally may have had some slight reference to the defendant's failure to testify. Since it was legitimate comment on the evidence, it was not objectionable, and the trial court did in fact instruct the jury that they should not consider any implication contained therein that the defendant did not testify.

Affirmed.