PEOPLE v HOBBS

OPINION OF THE COURT

1. CRIMINAL LAW—CONTROLLED SUBSTANCES—SALES CONTRACTS—AT-
   TEMPTS AT ENFORCEMENT.
   The purchase of a controlled substance like cocaine does not
   create the usual contract rights that normally arise out of a
   sales transaction, and the law does not recognize attempts to
   enforce those rights.

2. CRIMINAL LAW—PLEA OF GUILTY—COURT RULES—FACTUAL BASIS—
   SUBSTANTIAL SUPPORT—CONCLUSIVE PROOF.
   The court rule providing that a court shall establish on the
   record a factual basis for a plea of guilty before accepting such
   a plea requires only substantial support on the record for the
   defendant's guilt, not conclusive proof of the crime charged
   (GCR 1963, 785.7[3]).

3. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—INCULPATORY
   INFERENCES—EXCULPATORY INFERENCES.
   A factual basis for acceptance of a guilty plea exists if an
   inculpatory inference can reasonably be drawn by a jury from
   the facts admitted by the defendant even if an exculpatory
   inference could also be drawn and the defendant asserts that
   the latter is the correct inference.

DISSENT BY T. M. BURNS, J.

4. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—SPECIFIC INTENT
   CRIMES—CLAIM OF RIGHT.
   *There is an inadequate factual basis for the acceptance of a plea
   of guilty to assault with intent to rob being armed where the*

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur 2d, Contracts § 156.
[2–4] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
   Court's duty to advise or admonish accused as to consequences of
   plea of guilty, or to determine that he is advised thereof. 97
   ALR2d 549.
[4] 67 Am Jur 2d, Robbery § 17.

*defendant asserts a claim of right to the money taken, thus negating the requisite specific intent to be guilty of the crime.*

Appeal from Ingham, Donald L. Reisig, J. Submitted February 13, 1976, at Lansing. (Docket No. 24125.) Decided March 25, 1976.

Clarence E. Hobbs was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond A. Scodeller,* Prosecuting Attorney, and *Lawrence J. Emery,* Assistant Prosecuting Attorney, for the people.

*Reid & Reid, P. C.,* for defendant on appeal.

Before: D. E. Holbrook, Jr., P. J., and D. E. Holbrook and T. M. Burns, JJ.

D. E. Holbrook, J. Defendant and two codefendants were charged with one count of armed robbery, MCLA 750.529; MSA 28.797, and one count of breaking and entering, MCLA 750.110; MSA 28.305. However, pursuant to a plea bargain, the defendant and his two codefendants pled guilty to an added count of assault with intent to rob, armed, MCLA 750.89; MSA 28.284. The plea was accepted on February 18, 1975. On March 14, 1975, the defendant was sentenced to serve a term of 5 to 10 years in prison.

The defendant appeals as of right contending that his plea-based conviction must be reversed because there allegedly was no factual basis for it.

Defendant asserts that assault with intent to rob while being armed is a specific intent crime. The requisite intent is an essential element of the

crime and is expressly mentioned in the statutory description of the crime. However, in the present case, the defendant stated that he intended to obtain the return of certain money that he had delivered to the victims earlier in the day of the alleged offense. The money had been used to purchase cocaine from the victims, which defendant claimed was defective. The defendant stated that he was simply trying to get his money back, not steal anything.

The plaintiff asserts that the mere indication of a claim of right is not sufficient to negate criminal responsibility. The defendant's claim of right must be legally recognizable and made in good faith. In the instant case, the defendant's claim was neither legally tenable nor bona fide. Purchase of a controlled substance like cocaine does not create the usual contract rights that normally arise out of a sales transaction. The law will not recognize the attempt to enforce those rights.

One of the codefendants indicated that he had no claim to the money taken from the victims. The other codefendant indicated that they originally went to the place to purchase drugs, but once they arrived they decided to take the drugs and some money.

The court rule requires only substantial support for the defendant's guilt, not conclusive proof of the crime charged.

A factual basis for a plea of guilty is required by GCR 1963, 785.7(3), which provides as follows:

"(3) Determining Factual Basis for Plea.
"(a) The court shall not accept a plea of guilty or nolo contendere until it is satisfied that a crime was committed.
"(b) The court shall not accept a plea of guilty until it is satisfied that a crime was committed and, through

personal interrogation of the defendant, that defendant participated therein.

"(c) If defendant's description of his actions and any otherwise admissible evidence presented to the court on the record during the plea taking proceedings would not substantially support a finding that defendant is in fact guilty of the charged offense or the offense to which he is pleading, the plea shall be rejected by the court."

An examination of the plea transcript shows a joint arraignment of the three defendants in the instant case, and further indicates that the defendant stated that he went to the place of the alleged crime for the purpose of recovering money that he had paid for some bad drugs.

The Michigan Supreme Court recently decided a case which involved a defendant who was charged with armed robbery in a situation similar to the one in the instant case. In *People v Holcomb,* 395 Mich 326; 235 NW2d 343 (1975), the defendant testified that he had gone to the victim's room seeking the return of money that had been paid for bad drugs. The Supreme Court stated, *Holcomb, supra,* 333; 235 NW2d 343, 346, as follows:

"Felonious intent is a requisite element of armed robbery. This Court, in reversing a conviction in *People v Henry,* 202 Mich 450, 455; 168 NW 534 (1918), said:

" 'If the defendant in good faith believed that the money which he demanded was his money, and that he was entitled to its possession, he could not be guilty of either robbery or larceny in taking it, because there would be no felonious intent, "and if the defendant for any reason whatever, indulged no such intent, the crime cannot have been committed." *People v Walker,* 38 Mich 156 [1878]; *State v Koerner,* 8 ND 292; 78 NW 981 [1899].'

"Holcomb testified that he went to Holzapfel's room 'to *ask* for [his] money back', he did not intend to rob Holzapfel. (Emphasis supplied.)

"If a jury believes Holcomb, it may not properly convict him of armed robbery."

The test for determining whether there is a factual basis for a plea has been provided by the Michigan Supreme Court in *Guilty Plea Cases,* 395 Mich 96, 130; 235 NW2d 132, 145 (1975), which held as follows:

"A factual basis for acceptance of a plea exists if an inculpatory inference can reasonably be drawn by a jury from the facts admitted by the defendant even if an exculpatory inference could also be drawn and defendant asserts the latter is the correct inference."

In the instant case, the trial judge was justified in accepting the plea of guilty from the defendant. The transcript indicates that the defendant as well as one of the other two codefendants held guns on the victims and demanded money. Further, it indicates that no one had given permission to take that money from the victims.

The acceptance of the plea of guilty by the trial court was proper. Affirmed.

D. E. HOLBROOK, JR., P. J., concurred.

T. M. BURNS, J. *(dissenting).* I would reverse and remand for trial. There was an inadequate factual basis for finding defendant guilty of assault with intent to rob being armed. Defendant's asserted claim of right to the money taken indicates that he did not entertain the requisite specific intent to be guilty of the crime. See *People v Holcomb,* 395 Mich 326, 333; 235 NW2d 343 (1975). Pursuant to GCR 1963, 785.7(3)(c), the plea should have been rejected by the court.