PEOPLE v HICKS

Docket No. 77-3416. Submitted December 5, 1978, at Detroit.—Decided February 21, 1979.

Stacy J. Hicks was charged with felony murder and armed robbery in connection with a robbery during which three persons were killed. Subsequently, the defendant was convicted of armed robbery and voluntary manslaughter, Recorder's Court of Detroit, Dalton A. Roberson, J. The defendant appeals, alleging (1) that the trial court erred in its instructions to the jury on felony murder by removing the element of malice from the jury's consideration and (2) that the two convictions violated his constitutional guarantees against double jeopardy. *Held:*

1. The trial court gave a proper instruction on the element of malice. However, even if the instruction regarding the element of malice were to be considered erroneous, the resulting error would not require reversal because a conviction for manslaughter does not require a finding of malice.

2. The two offenses for which the defendant was convicted have different elements and statutory purposes and neither is a lesser included offense of the other. There was no double jeopardy violation.

Affirmed.

1. Homicide — Felony Murder — Instructions to Jury — Malice — Manslaughter.

An instruction to the jury in a trial for felony murder and armed

References for Points in Headnotes
[1] 40 Am Jur 2d, Homicide §§ 54, 482 *et seq.,* 498, 535.
[2] 40 Am Jur 2d, Homicide § 54.
[3] 21 Am Jur 2d, Criminal Law §§ 182-189.
    40 Am Jur 2d, Homicide § 183 *et seq.*
    Application of felony murder doctrine where the felony relied upon is an includible offense with the homicide. 40 ALR3d 1341.
    What felonies are inherently or foreseeably dangerous to human life for purposes of felony murder doctrine. 50 ALR3d 397.
    What constitutes termination of felony for purpose of felony murder rule. 58 ALR3d 851.

robbery wherein the trial judge told the jury that the intent required for the underlying offense of armed robbery was sufficient to support a conviction for felony murder was not an erroneous instruction; even if viewed as erroneous, there was no prejudice to a defendant where the defendant was convicted of manslaughter, not felony murder.

2. HOMICIDE — MURDER — MALICE — MANSLAUGHTER.
   Murder, absent malice, is manslaughter.

3. HOMICIDE — FELONY MURDER — MANSLAUGHTER — DOUBLE JEOPARDY — ARMED ROBBERY — LESSER INCLUDED OFFENSES.
   Punishing a defendant for the greater offense of felony murder and for the included offense of the underlying felony constitutes a violation of the double-jeopardy clause of the United States Constitution and the Michigan Constitution; however, there is no double-jeopardy violation where a defendant charged with felony murder and the underlying offense of armed robbery is convicted of both manslaughter and armed robbery because manslaughter and armed robbery have different elements and different statutory purposes and neither crime is a lesser included offense of the other (US Const, Am V, Am XIV; Const 1963, art 1, § 15).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: BEASLEY, P.J., and BRONSON and N. J. KAUFMAN, JJ.

PER CURIAM. Defendant was charged with felony murder, in violation of MCL 750.316; MSA 28.548, and armed robbery, contrary to MCL 750.529; MSA 28.797, in connection with the September 24, 1974, robbery of a "dope house" in which three individuals were killed. Following a jury trial held June 10-17, 1977, defendant was convicted of voluntary manslaughter, MCL 750.321; MSA 28.553,

and armed robbery. Defendant was sentenced to concurrent terms of 10 to 15 years imprisonment for manslaughter and 15 to 25 years for armed robbery. He now appeals as of right.

Defendant's first contention is that the trial court erred in its felony-murder instructions by removing the element of malice from the jury's consideration. Our Court has split on the issue of whether malice is imputed from the underlying felony or must be submitted to the jury as a separate element. Compare, for example, *People v Fountain*, 71 Mich App 491; 248 NW2d 589 (1976), *People v Till*, 80 Mich App 16; 263 NW2d 586 (1977), and *People v Wilson*, 84 Mich App 636, 639-655; 270 NW2d 473 (1978) (N. J. KAUFMAN, J., dissenting).

In the case at bar the judge gave a correct instruction on malice.[1] However, in response to an objection by the prosecutor, just before the jury retired to deliberate, the judge told the jury that the intent required for the robbery was sufficient for murder.[2] This instruction would have been

[1] "Third, that at the time of the armed robbery which caused the death of the deceaseds, the defendant either intended to kill the deceaseds or consciously created a very high degree of risk of death to another with the knowledge of its probable consequences.

* * *

"Fifth, the Defendant must have caused the death without justification, excuse or mitigation."

[2] "Felony murder, the element of unlawful intent is satisfied if you find beyond a reasonable doubt that the Defendant intended the robbery.

"It is not necessary that the Defendant intended the death of the Deceaseds.

"What I'm simply saying, under the law in Michigan felony murder means in the perpetration of a felony that that is if I come in to rob and in the perpetration of a robbery I kill you then the wrongful intent as to the murder is satisfied when the people establish that I intended to rob you.

"Do you understand what I'm saying? Does anybody have any problems with that?

"JUROR NUMBER 9: I don't understand what you said.

"THE COURT: Okay. Felony murder under the law in Michigan

erroneous under the rule announced in *Fountain.*
Even so, the application of the *Fountain* rule to
the present case would not require reversal. It is
clear that defendant was not prejudiced by the
arguably incorrect instruction. Defendant was con-
victed of manslaughter, and as stated in *People v
Hansma,* 84 Mich App 138, 144; 269 NW2d 504
(1978), "murder, absent malice, is manslaughter".
See also *People v Dietrich,* 87 Mich App 116; 274
NW2d 472 (1978). Thus we find no cause for rever-
sal on this claim.

Secondly, defendant argues that his right not to
be placed twice in jeopardy for the same offense[3]
was violated by the two convictions. We disagree.
Again, had defendant been convicted of felony
murder and the underlying armed robbery, his
contention would have merit. See *People v Ander-
son,* 62 Mich App 475; 233 NW2d 620 (1975),
*People v Wilder,* 82 Mich App 358, 364; 266 NW2d
847 (1978), *lv gtd on other grounds,* 403 Mich 816
(1978). However, there is nothing constitutionally
impermissible about convictions of manslaughter
and armed robbery. The two crimes have different
elements and different statutory purposes, and
neither crime is a lesser included offense of the
other. See *People v Ora Jones,* 395 Mich 379, 389-
390; 236 NW2d 461 (1975). Thus, defendant's sec-
ond contention must also be rejected.

means that where you murder ordinarily has to be proved, there is a
premeditation, wrongful, with malice and that is a plan. But felony
murder simply means that the People have to prove that there was a
felony being committed, that the Defendant intended to commit a
felony, that is armed robbery, and during the course of the comple-
tion of the felony he killed a person. That's what makes it murder in
the first degree.

"Do you understarnt what I'm saying? They have to prove beyond a
reasonable doubt the Defendant intended the robbery and in the
perpetration of the robbery the people were killed and therefore he
satisfied the element of wrongful intent."

[3] US Const, Ams V and XIV; Const 1963, art 1, § 15.

Defendant raises two additional claims of error, one relating to the jury instructions and one concerning the admission of a shotgun. We have examined the record and have found these claims to be without merit.

Affirmed.