PEOPLE v ALLEN

Docket No. 78-1434. Submitted October 19, 1979, at Detroit.—Decided
January 3, 1980. Leave to appeal applied for.

Samuel Allen, armed with a pistol, came into a bedroom where a
two-year-old child was sleeping, ordered the occupants and
guests who were present in the room to lie on the floor, and
demanded money from one of the guests. When the guest
refused, Allen fired a shot. At that point, the child's father gave
defendant all his money. After Allen left, the child was found
shot and later died. Allen was charged with felony murder,
armed robbery and possession of a firearm in the commission of
a felony. He was convicted of second-degree murder, armed
robbery and possession of a firearm in the commission of a
felony, Recorder's Court of Detroit, John P. O'Brien, J. Defen-
dant appeals alleging that the trial court erred in refusing to

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Homicide §§ 7, 499, 511, 525.

[2] 40 Am Jur 2d, Homicide §§ 270, 409 et seq.
Prejudicial effect of prosecuting attorney's misconduct in physically
exhibiting to jury objects or items not introduced as evidence. 46
ALR 2d 1423.

[3] 40 Am Jur 2d, Homicide § 482 et seq.
Propriety under Griffin v California and prejudicial effect of unre-
quested instruction that no inferences against accused should be
drawn from his failure to testify. 18 ALR 3d 1335.
Violation of federal constitutional rule (Griffin v California) prohib-
iting adverse comment by prosecutor or court upon accused's
failure to testify, as constituting reversible or harmless error. 24
ALR 3d 1093.

[4] 40 Am Jur 2d, Homicide § 545.
76 Am Jur 2d, Trial § 1155 et seq.
Inconsistency of criminal verdict as between different counts of
indictment or information. 18 ALR 3d 259.

[5] 40 Am Jur 2d, Homicide §§ 72, 474, 476.
What felonies are inherently or forseeably dangerous to human life
for purpose of felony-murder doctrine. 50 ALR 3d 397.

[6-8] 21 Am Jur 2d, Criminal Law § 165 et seq.
40 Am Jur 2d, Homicide § 183 et seq.

[9] 5 Am Jur 2d, Appeal and Error §§ 838, 883.
40 Am Jur 2d, Homicide § 559.

instruct the jury on manslaughter as a lesser included offense of felony murder, that there was reversible error based on the inadvertent submission to the jury of an exhibit not introduced into evidence, that reversal is required because the trial judge failed to respond to the jury's questioning as to why defendant failed to take the stand, that the felony-firearm statute is unconstitutional and that the findings of the jury were reversibly inconsistent.

D. C. RILEY, J., would hold:

1. There was no credible evidence to support a manslaughter verdict; therefore, failure to instruct on that alternative was not reversible error.

2. Improper admission of an exhibit mandates reversal if the error might have operated to substantially injure the defendant's case. However, the substance of the objectionable police report was presented to the jury on various occasions at trial and there was no impairment of defendant's rights.

3. The judge's instructions, viewed as a whole, do not lead to a conclusion that the jury was improperly instructed or that the court abused its discretion in choosing not to reinstruct the jury as to why defendant had failed to take the stand.

4. The felony-firearm statute is constitutional.

5. Defendant's armed robbery conviction should be reversed because verdicts of second-degree murder and armed robbery arising out of a single action by a defendant are inconsistent.

She would affirm in part and reverse in part.

N. J. KAUFMAN, J., concurs with Judge RILEY's treatment of all issues save one. He does not agree that second-degree murder and armed robbery convictions are reversibly inconsistent. He would affirm defendant's second-degree murder conviction and vacate defendant's robbery armed conviction by holding that simultaneous convictions of these crimes constitute a violation of defendant's double-jeopardy rights.

DANHOF, C.J., concurs with Judge RILEY except for the holding that the second-degree murder and armed robbery verdicts are reversibly inconsistent. He concludes that a jury, as sole judges of the facts, can find a defendant guilty of second-degree murder and armed robbery in the same trial. He would affirm defendant's second-degree murder and armed robbery convictions.

OPINION OF D. C. RILEY, J.

1. HOMICIDE — INCLUDED OFFENSES — MANSLAUGHTER — EVIDENCE
   — INSTRUCTIONS TO JURY — APPEAL AND ERROR.

Manslaughter is not a necessarily included offense within the

crime of murder; however, failure to instruct a jury on that alternative may be reversible error where evidence presented at trial could support a guilty verdict on that charge.

2. CRIMINAL LAW — EVIDENCE — EXHIBITS — SUBMISSION TO JURY — PREJUDICE — ERROR.

The submission to a jury of exhibits not introduced into evidence constitutes reversible error if the error might have operated to substantially injure the defendant's case.

3. CRIMINAL LAW — INSTRUCTIONS TO JURY — FAILURE TO TAKE STAND — REVIEW — INSTRUCTIONS AS A WHOLE — JUDGE'S DISCRETION.

A trial judge's failure to respond to a jury's questioning as to why a defendant had failed to take the stand does not require reversal of his conviction where it cannot be said, viewing the jury instructions as a whole, that the jury was improperly instructed or that the court abused its discretion in choosing not to reinstruct the jury.

4. CRIMINAL LAW — INCONSISTENT VERDICTS — RATIONAL BASIS — SECOND-DEGREE MURDER — ARMED ROBBERY — EVIDENCE.

*Inconsistent jury verdicts may not stand unless they can be explained on a rational basis; verdicts of second-degree murder and armed robbery arising out of a single action by a defendant are reversibly inconsistent where there is no rational basis for explaining the verdicts under the evidence.*

5. HOMICIDE — FIRST-DEGREE MURDER — SECOND-DEGREE MURDER — FELONY MURDER — ELEMENTS — ENUMERATED FELONIES.

Felony murder is a second-degree murder plus the additional element of committing, or attempting to commit, an enumerated felony; therefore, if a first-degree felony-murder verdict is to be returned, the homicide must be found to have occurred during the perpetration or attempt to perpetrate an enumerated felony.

6. CONSTITUTIONAL LAW — CRIMINAL LAW — DOUBLE JEOPARDY — FELONY MURDER — ARMED ROBBERY.

*The double-jeopardy clause ensures that defendants will not be tried twice for the same offense; trying a defendant for both felony murder and the underlying felony of armed robbery violates the double-jeopardy clause because defendant is twice subjected to jeopardy for the same act.*

Opinion of N. J. Kaufman, J.

7. Criminal Law — Constitutional Law — Inconsistent Verdicts — Second-Degree Murder — Robbery Armed — Simultaneous Convictions — Double Jeopardy.

Second-degree murder and robbery armed convictions arising out of a single action are not reversibly inconsistent; however, simultaneous convictions of these crimes could, depending upon the facts of the case, constitute a violation of a defendant's double-jeopardy rights.

8. Criminal Law — Constitutional Law — Double Jeopardy — Second-Degree Murder — Robbery Armed — Overlapping Elements — Criminal Intent.

A defendant may not be convicted of two crimes where, on the facts of a particular case, the trier of fact must necessarily find him guilty of one in order to find him guilty of the other; conviction of felony murder and the underlying felony of robbery armed clearly violates a defendant's double-jeopardy rights under the rule because the elements of the crimes overlap; the same rule should apply where a defendant's intent to kill can only be inferred from the commission of a robbery because it becomes necessary for the jury to find the defendant guilty of the robbery in order to find him guilty of second-degree murder and this situation gives rise to a type of double jeopardy where a factual overlap in elements suggests that the jury might have compromised with respect to a defendant's second-degree murder conviction since an imputation of the intent or malice element of robbery would have called for a felony-murder conviction which is a violation of double-jeopardy rights.

Opinion of Danhof, C.J.

9. Criminal Law — Lesser Included Offenses — Function of Jury — Second-Degree Murder — Armed Robbery — Felony Murder — Appeal and Error.

A jury, as sole judges of the facts, can find a defendant guilty of second-degree murder and armed robbery in the same trial; a jury is allowed to reject a felony-murder charge and convict a defendant of a lesser crime even though it would appear to be in the teeth of undisputed facts because it is not for an appellate court to look to the facts and decide that the jury had to find felony murder or it could not find an armed robbery.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*,

Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Robert J. Sheiko,* Assistant Prosecuting Attorney, for the people.

*Sallen, Sallen, Seymour & Sallen,* for defendant on appeal.

Before: DANHOF, C.J., and N. J. KAUFMAN and D. C. RILEY, JJ.

RILEY, J. On June 2, 1977, defendant was charged with felony murder, contrary to MCL 750.316; MSA 28.548, armed robbery, contrary to MCL 750.529; MSA 28.797, and possession of a firearm in the commission of a felony, contrary to MCL 750.227b; MSA 28.424(2). Defendant was jury convicted on January 30, 1978, of second-degree murder, contrary to MCL 750.317; MSA 28.549, and the above latter two offenses. He was sentenced to concurrent terms of 40 to 60 years on the murder and armed robbery charges and a consecutive two year term for the felony-firearm charge. Defendant appeals as of right.

Defendant first contends that the lower court erred in refusing to instruct the jury on manslaughter as a lesser included offense of felony murder. Although manslaughter is not necessarily a lesser included offense of murder, failure to instruct on that alternative may be reversible error where the evidence presented at trial could support a guilty verdict on that charge. *People v Van Wyck,* 402 Mich 266, 268; 262 NW2d 638 (1978). In the instant case, there was no credible evidence to support a manslaughter verdict; hence, defendant's contention is without merit.

Defendant further suggests that there was reversible error based on the inadvertent submission to the jury of an exhibit not introduced into evi-

dence. An improper admission mandates reversal
if the error might have operated to substantially
injure the defendant's case. *People v Talley,* 56
Mich App 598, 601; 224 NW2d 660 (1974), *People v
Page,* 41 Mich App 99, 103; 199 NW2d 669 (1972).
Since the substance of the objectionable police
report was presented to the jury on various occa-
sions at trial, we find no impairment of defen-
dant's rights.

It is asserted also that reversal is required be-
cause the trial judge failed to respond to the jury's
questioning as to why defendant had failed to take
the stand. Viewing the judge's instructions as a
whole, *People v Miller,* 35 Mich App 627, 630; 192
NW2d 517 (1971), we cannot say that the jury was
improperly instructed or that the court abused its
discretion in choosing not to reinstruct them. See
*People v Howe,* 392 Mich 670, 676; 221 NW2d 350
(1974), *People v Bloom,* 76 Mich App 405, 407-409;
257 NW2d 105 (1977).

We find that there is no reversible error based
on defendant's felony-firearm contentions. See
*Wayne County Prosecutor v Recorder's Court
Judge,* 406 Mich 374; 280 NW2d 793 (1979), *People
v MacPherson,* 323 Mich 438, 449; 35 NW2d 376
(1949), *People v Cannon,* 252 Mich 182, 184; 233
NW 210 (1930), *People v Hodo,* 51 Mich App 628,
636-637; 215 NW2d 733 (1974).

While my brother judges and I concur in the
result reached on the previous issues, we part
company on the final issue argued by defendant
that the findings of the jury were reversibly incon-
sistent. In Michigan, inconsistent verdicts may not
stand unless they can be explained on some ra-
tional basis. *People v Goodchild,* 68 Mich App 226;
242 NW2d 465 (1976), *People v Fields,* 66 Mich
App 347; 239 NW2d 372 (1976), *People v Ames,* 60

Mich App 168; 230 NW2d 360 (1975), *People v Willie Johnson,* 58 Mich App 165; 227 NW2d 272 (1975), *People v Phillips,* 43 Mich App 581; 204 NW2d 250 (1972). As I find no reasonable way to harmonize defendant's second-degree murder and armed robbery convictions, the robbery conviction must be reversed.

Felony murder, with which defendant was originally charged, is second-degree murder plus the additional element of committing, or attempting to commit, an enumerated felony. *People v Crown,* 75 Mich App 206, 215; 254 NW2d 843 (1977). Thus, if a first-degree murder verdict is to be returned, the homicide must be found to have occurred during the course of the felony. *People v Widgren,* 53 Mich App 375, 385; 220 NW2d 130 (1974).

It is clear from the instant record that the murder took place during the time that defendant asked for and received money, there being conflicting testimony as to whether it was *his* money, and thus, not robbery. See *People v Holcomb,* 395 Mich 326; 235 NW2d 343 (1975), *People v Hobbs,* 68 Mich App 239; 242 NW2d 535 (1976). It is inescapable then, that in finding defendant not guilty of felony murder, while convicting him of second-degree murder, the jury must have also concluded that no robbery occurred at the time of the homicide. See *People v McCurtis,* 84 Mich App 460; 269 NW2d 641 (1978). Therefore, I conclude that defendant's conviction for armed robbery must be vacated.

Although the issue is not raised by defendant, on the facts of this case, he has a valid double-jeopardy claim. The double-jeopardy clause ensures that defendants will not be tried twice for the same offense. *North Carolina v Pearce,* 395 US 711-717; 89 S Ct 2072; 23 L Ed 2d 656 (1969). Yet,

trying defendant for both felony murder and the lesser included offense of armed robbery twice subjected him to jeopardy on the armed robbery charge.

I believe that *this* double-jeopardy claim would entitle defendant to reversal were it not for the inconsistent verdicts, and *not* the double-jeopardy claim advocated by Judge KAUFMAN. If, as my brother judge contends, the jury would have had to find defendant guilty of armed robbery in order to find him guilty of murder, then the jury would have convicted defendant of first-degree murder and not second-degree murder. With all due respect, I believe Judge KAUFMAN's position is a circuitous route to the unavoidable conclusion that the jury's verdicts were inconsistent.

I would affirm in part and reverse in part.

N. J. KAUFMAN, J. *(concurring).* I concur with the result. I also agree with Judge RILEY's treatment of all of the issues save one. With respect to this exception, then, I concur only in the result. I do not agree with the reasons espoused in support of this result. Specifically, second-degree murder and robbery armed convictions are not reversibly inconsistent. Instead, on the facts of this case, I find that simultaneous convictions thereon constitute a violation of defendant's double jeopardy rights.

Had the defendant been convicted of felony murder and the underlying felony of robbery armed, it is clear that his double-jeopardy rights would have been violated. See *People v Wilder,* 82 Mich App 358; 266 NW2d 847 (1978). The fact that the jury convicted him of second-degree murder and robbery armed should not affect this determination. The testimony and evidence indicate that

the victim's death occurred as a result of the robbery perpetrated by the defendant. The defendant's intent to kill, then, can only have been inferred from the commission of the robbery. Therefore, the jury necessarily had to find the defendant guilty of the robbery in order to find him guilty of second-degree murder. This situation gives rise to a type of factual double jeopardy. Defendant may not be convicted of two crimes where, on the facts of the particular case, the trier of fact must necessarily find him guilty of one in order to find him guilty of the other, *People v Martin,* 398 Mich 303, 307; 247 NW2d 303 (1976), *People v Stewart,* 400 Mich 540, 548-549; 256 NW2d 31 (1977), *People v Terry Alexander,* 82 Mich App 621, 624; 267 NW2d 466 (1978).

This rationale is not undermined by the decision in *People v Hicks,* 88 Mich App 675; 279 NW2d 45 (1979). In that case, the defendant was charged with felony murder and armed robbery, but convicted of *manslaughter* and *armed robbery.* This was deemed acceptable against a double-jeopardy challenge because the crimes upon which the defendant was convicted had different elements, different statutory purposes, and neither was a lesser included offense of the other, *Hicks, supra,* 678. Whereas, in the instant case, the elements of the crimes overlap factually according to the test enunciated in *Stewart* and *Martin, supra.* This factual overlap in elements suggests that the jury might have compromised with respect to the defendant's second-degree murder conviction since an imputation of the intent or malice element of robbery would have called for a felony-murder conviction.

This *Stewart* and *Martin* factual double-jeopardy test, *supra,* was discussed recently in *Wayne*

*County Prosecutor v Recorder's Court Judge,* 406
Mich 374; 280 NW2d 793 (1979). In that case, the
Supreme Court upheld the felony-firearm statute
against a factual double-jeopardy challenge on the
grounds that the Legislature clearly expressed in
the felony-firearm statute an intent to authorize
multiple convictions and cumulative punishments
based on one occurrence. No such legislative intent
theory would apply in the case at bar to support
the defendant's dual convictions, however.

Therefore, I would find that the defendant's
convictions for second-degree murder and robbery
armed violated the double-jeopardy test enunciated
in *Stewart* and *Martin, supra.* Accordingly, al-
though I concur in the affirmance of defendant's
second-degree murder conviction and the vacation
of this robbery armed conviction, I do so for the
reasons stated hereinbefore.

DANHOF, C.J. *(concurring in part, dissenting in
part).* I concur, except for the holding that the
second-degree murder and armed robbery verdicts
are reversibly inconsistent. I believe the jury, as
the sole judge of the facts, can consistently find
second-degree murder and armed robbery. The
testimony showed that defendant, armed with a
pistol, came into a bedroom where a two-year-old
child was sleeping, ordered the occupants and
guests, who were present in the room, to lie on
the floor, and demanded money from one of the
guests. When the guest refused, defendant fired a
shot. At that point, the child's father gave defen-
dant all his money. After defendant left, the child
was found shot. He later died.

Judge RILEY's opinion states, "It is clear from
the instant record that the murder took place
during the time that defendant asked for and
received money, * * *." From this *factual* determi-

nation, Judge RILEY's opinion concludes that the verdicts are inconsistent. The lesser included offense analysis of the Michigan Supreme Court in *People v Chamblis,* 395 Mich 408, 420-421; 236 NW2d 473 (1975), demonstrates that this jury has the right to find the facts differently:

"The jury is the sole judge of all of the facts presented. It may choose to believe or disbelieve any or all of the evidence. That is the essence of the right to a jury trial. To speak of a requirement that the jury 'justify' its conclusion that the defendant is not guilty of the higher charge before 'allowing' it to convict of the lesser is antithetical to the nature of a jury trial. * * *.

* * *

"Because the jury is the sole judge of *all* the facts, it can choose, without any apparent logical basis, what to believe and what to disbelieve. What may appeal to the judge as 'undisputed' need not be believed by a jury.

* * *

"Certainly no one would deny the jury's absolute right to disbelieve *all* the 'undisputed evidence' and acquit the defendant altogether. A 'jury has the power to bring in a verdict in the teeth of both law and facts'. *Horning v District of Columbia,* 254 US 135, 138; 41 S Ct 53; 65 L Ed 185 (1920).

" 'It is the policy of the law to allow juries a latitude which is not hemmed in by absolute logic. Many considerations enter into a jury's verdict which cannot be itemized and weighted in a chart of legal instructions. A jury is expected to stay within the bounds of reason, yet they may indulge tender mercies even to the point of acquitting the plainly guilty. Similarly they may, on almost any excuse, convict of a lower degree of crime although conviction of a higher degree is clearly warranted.' *People v Clemente,* 285 App Div 258, 264; 136 NYS2d 202, 207 (1954)."

I would hold that these principles allow the jury

to reject felony murder and find the lesser included offense of second-degree murder and the separate offense of armed robbery. It is not for an appellate court to look to the facts and decide that the jury *had* to find felony murder or could not find an armed robbery. As the Supreme Court said in *People v Phillips,* 385 Mich 30, 37; 187 NW2d 211 (1971), "Even though the evidence for the people, if believed, shows the defendant to be guilty of the offense charged, this does not preclude a conviction of a lesser offense".

In summary, I believe the verdicts are not inconsistent because they can be explained in a rational manner: The jury found that defendant committed second-degree murder and armed robbery, but found that the murder was not "committed in the perpetration" of a robbery. Thus, it was not felony murder. See MCL 750.316; MSA 28.548.

I feel that the jury has a right to convict defendant of a lesser crime even though it would appear to a reviewing court to be in the teeth of undisputed facts. This jury exercised that right. I would affirm defendant's conviction for armed robbery.