PEOPLE v JONES

Docket No. 63802. Submitted January 19, 1983, at Detroit.—Decided July 14, 1983.

Defendant, Nathaniel Jones, was convicted by a jury in the Detroit Recorder's Court of assault with intent to do great bodily harm less than murder and possession of a firearm during the commission of a felony. Defendant appeals alleging error occurred when the trial court, Joseph A. Gillis, J., allowed the jury to take a copy of the information with them into the jury room during their deliberations. The court instructed the jury that the information is just a formal written charge, that it is not evidence and that they were to consider in their deliberations only properly admitted evidence. He then read the charges to the jury. *Held:*

1. The trial court committed no error pursuant to federal precedent.

2. Defendant was not substantially prejudiced when the jury was furnished with a copy of the information. The court's instructions made it unlikely that the jury would consider the information as evidence of guilt.

Affirmed.

1. CRIMINAL LAW — TRIAL — JURY — EVIDENCE — INFORMATION.

A trial court does not err in giving a jury a copy of the information to take with them into the jury room during their deliberations where it instructs the jury that the information is just a formal written charge, that it is not evidence and that they are to consider in their deliberations only properly admitted evidence, and where the court then reads the charges to the jury.

2. EVIDENCE — TRIAL — JURY — APPEAL.

The erroneous submission to a jury of documents and exhibits

REFERENCES FOR POINTS IN HEADNOTES

[1] 76 Am Jur 2d, Trial § 1027.

Permitting documents or tape recordings containinbg confessions of guilt or incriminating admissions to be taken into jury room in criminal case. 37 ALR3d 238.

[2] 76 Am Jur 2d, Trial § 1028 *et seq.*

that have not been admitted into evidence does not constitute reversible error unless such error might have operated to substantially injure the defendant's case.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Timothy A. Baughman,* Principal Attorney, Research, Training and Appeals, for the people.

*Charles Burke,* for defendant.

Before: T. M. BURNS, P.J., and R. M. MAHER and HOOD, JJ.

PER CURIAM. Defendant appeals as of right from his jury conviction of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and felony-firearm, MCL 750.227b; MSA 28.424(2).

The sole issue on appeal is whether the trial court erred in giving the jury a copy of the information to take with them into the jury room during their deliberations.

We have found no Michigan case squarely confronting this issue. However, many federal courts have concluded that the trial court has discretion to submit the indictment to the jury so long as the jury is instructed that the indictment is not to be considered as evidence of guilt. See *Garner v United States,* 244 F2d 575 (CA 6, 1957), *cert den* 355 US 832; 78 S Ct 47; 2 L Ed 2d 44 (1957); *United States v Russo,* 480 F2d 1228 (CA 6, 1973), *cert den* 414 US 1157; 94 S Ct 915; 39 L Ed 2d 109 (1974); *United States v Scales,* 594 F2d 558 (CA 6, 1979), *cert den* 441 US 946; 99 S Ct 2168; 60 L Ed 2d 1049 (1979); *United States v Wedelstedt,* 589 F2d 339 (CA 8, 1978); *United States v McGrady,*

508 F2d 13 (CA 8, 1974), *cert den* 420 US 979; 95 S Ct 1408; 43 L Ed 2d 661 (1975).

The federal position comports with the approach taken by this Court to the submission to the jury of documents and exhibits that have not been admitted into evidence. Several panels of this Court have ruled that this practice does not constitute reversible error unless the error might have operated to substantially injure the defendant's case. *People v Allen,* 94 Mich App 539; 288 NW2d 451 (1980) (opinion of D. C. RILEY, J.); *People v Talley,* 56 Mich App 598; 224 NW2d 660 (1974), *lv den* 394 Mich 752 (1975); *People v Page,* 41 Mich App 99; 199 NW2d 669 (1972).

In the present case, the trial judge instructed the jury that the information is just a formal written charge and that it is not evidence. He also instructed the jury that they were to consider in their deliberations only properly admitted evidence. The trial judge then read the charges to the jury.

It is clear that under the federal cases cited, *supra,* the trial court committed no error. We also conclude that furnishing the jury with a copy of the information did not substantially prejudice the defendant. The court's instructions to the jury, in particular, made it unlikely that the jury would consider the information as evidence of guilt.

Affirmed.