PEOPLE v WARE

Docket No. 78-4692. Submitted March 5, 1980, at Lansing.—Decided June 2, 1980.

Ronald Ware was convicted of felonious assault, Recorder's Court of Detroit, Verne C. Boewe, J. Defendant appeals, alleging that because the jury also found him not guilty of possession of a firearm in the commission of a felony the jury verdicts were inconsistent, that the prosecution should have had to prove that the gun used by defendant was operable at the time of the offense, that he was prejudiced by the prosecutor's closing argument, and that the trial court erred by imposing a consecutive sentence. *Held:*

1. The verdicts were consistent with the evidence and the trial court's instructions on both felony-firearm and felonious assault. The verdicts are not reversibly inconsistent because they can be reasonably explained.

2. A gun need not be proven operable at the time of the offense to support a conviction of felonious assault.

3. The defendant was not prejudiced by the prosecutor's closing argument.

4. Because the defendant committed this offense while disposition of a prior felony charge against the defendant was pending, the trial court had the discretion to sentence the defendant consecutively.

Affirmed.

M. J. KELLY, P.J., concurred separately, pointing out that the rule regarding inconsistent verdicts has recently been criticized.

1. CRIMINAL LAW — JURIES — VERDICTS — INCONSISTENT VERDICTS.

Jury verdicts will be held to be reversibly inconsistent only where they cannot be explained on any rational basis.

REFERENCES FOR POINTS IN HEADNOTES
[1] 76 Am Jur 2d, Trial § 1157.
[2] 6 Am Jur 2d, Assault and Battery §§ 53, 54.
   79 Am Jur 2d, Weapons and Firearms § 16.
[3] 21 Am Jur 2d, Criminal Law § 547.

2. CRIMINAL LAW — FELONIOUS ASSAULT — EVIDENCE — OPERABLE
   FIREARMS.

   It is not necessary to prove that a gun used by a defendant was
   operable at the time of the offense in order to support a
   conviction of felonious assault.

3. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES — STAT-
   UTES.

   A defendant who commits a felony during the time when disposi-
   tion of a prior felony charge is pending may be sentenced to a
   prison term on the second felony which is to be served consecu-
   tively to the term imposed for the prior felony (MCL 768.7b[a];
   MSA 28.1030[2][a]).

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward R. Wilson,* Principal
Attorney, Appeals, and *Timothy L. Cronin,* Assist-
ant Prosecuting Attorney, for the people.

*Jimmylee Gray,* for defendant on appeal.

Before: M. J. KELLY, P.J., and D. F. WALSH and
BEASLEY, JJ.

D. F. WALSH, J. Defendant, Ronald Ware, was
charged with assault with intent to rob, MCL
750.89; MSA 28.284, and felony-firearm, MCL
750.227b; MSA 28.424(2). He was convicted by a
jury of the lesser offense of felonious assault, MCL
750.82; MSA 28.277. The jury found him not guilty
of felony-firearm. On August 22, 1978, defendant
was sentenced to a prison term of 2-1/2 to 4 years.
The court ordered the sentence to be served con-
secutively to a 1 to 2-1/2 year term being served
on an unrelated charge.

Defendant's first assignment of error concerns
the alleged inconsistency of the jury's verdicts.
Jury verdicts will be held reversibly inconsistent
only if they cannot be explained on any rational
basis. *People v Widgren,* 53 Mich App 375, 384-

385; 220 NW2d 130 (1974), *lv den* 396 Mich 849 (1976), *People v Goodchild,* 68 Mich App 226, 237; 242 NW2d 465 (1976), *lv den* 397 Mich 830 (1976). In determining whether verdicts are reversibly inconsistent, we must examine the jury instructions and the evidence. See *People v Fields,* 66 Mich App 347, 352; 239 NW2d 372 (1976), *lv den* 396 Mich 847 (1976).

In this case, the jury was instructed, in connection with the felony-firearm charge, that a firearm is defined as "any weapon from which a dangerous projectile may be propelled by using explosives, gas or air as a means of propulsion". See MCL 8.3t; MSA 2.212(20). Based on the evidence presented at trial, the jury could have found that the gun carried by defendant had not been capable of propelling a dangerous projectile. There was evidence that defendant pulled the trigger but that the gun had not fired. The jury, therefore, could have determined that the weapon was not a "firearm" for felony-firearm purposes and could have based its determination of not guilty of felony-firearm on that finding. The verdict was fully consistent with the evidence and instructions.[1]

Instructing the jury on the offense of felonious assault, the trial court did not include the statutory definition of "firearm" when explaining the element of use of a "dangerous weapon".[2] Based on

---

[1] Because defendant was acquitted of felony-firearm, he could not have been prejudiced by the jury instructions on felony-firearm. We, therefore, need not decide whether operability of the weapon must be proven to support a felony-firearm conviction.

Among the cases where this issue has been discussed is *People v Gibson,* 94 Mich App 172; 288 NW2d 366 (1979).

[2] The judge instructed as follows regarding this element:

"Second, that the defendants committed such assault by the use of a dangerous weapon, that is as alleged in this case, a gun, revolver, or pistol.

"A dangerous weapon is any instrument which is used in a manner likely to produce serious physical injury or death.

the felonious assault instruction, the jury could have concluded that a weapon need not be operable to qualify as a "dangerous weapon" for felonious assault purposes.

Because the verdicts can be thus reasonably explained, they are not reversibly inconsistent. *People v Goodchild, supra.*

Defendant also argues that, to support a conviction of felonious assault, the prosecution must prove, when the "dangerous weapon" is a gun, that the gun was operable at the time of the offense. On the authority of *People v Stevens,* 92 Mich App 427; 285 NW2d 316 (1979), we reject defendant's argument.

With respect to the prosecutor's closing argument, defendant has failed to persuade this Court of the existence of prejudicial error. *People v Jacoboni,* 34 Mich App 84, 86; 190 NW2d 720 (1971), *lv den* 385 Mich 789 (1971).

Finally, defendant's challenge to the consecutive nature of his sentence is without merit. MCL 768.7b(a); MSA 28.1030(2)(a). At sentencing, defense counsel recognized that the court had discretion to impose a consecutive sentence. Defendant does not deny that he committed the instant offense pending disposition of a prior felony charge. MCL 768.7b(a). We are not persuaded that the sentencing court abused its discretion in this regard.

Affirmed.

BEASLEY, J., concurred.

---

"Some instruments such as firearms, knives or bombs are dangerous because they are specifically so-designed.

"It is immaterial whether the gun, revolver or pistol was loaded or unloaded at the time of the assault since guns are easy to load and easy to unload and because mistakes are easy to make as to whether a gun is loaded or not."

· M. J. KELLY, P.J. *(concurring).* I concur in Judge WALSH'S opinion and write only to add two recent cases wherein the reversibly inconsistent rule is criticized. These are *People v Allen,* 94 Mich App 539; 288 NW2d 451 (1980) (DANHOF, C.J., dissenting), and *People v Lewis,* 94 Mich App 752; 290 NW2d 73 (1980) (M. J. KELLY, J., dissenting).