COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

              Plaintiff-Appellee,

v

HAMEED RAHIM GIBSON,

              Defendant-Appellant.

UNPUBLISHED
October 23, 2014

No. 316311
Kalamazoo Circuit Court
LC No. 2012-001816-FH

Before: SAAD, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right his convictions of third-degree criminal sexual conduct (CSC), MCL 750.520d; assault with intent to commit sexual penetration, MCL 750.520g(1); receiving and concealing a stolen firearm, MCL 750.535b; felonious assault, MCL 750.82; witness intimidation, MCL 750.122(1)(b); and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. We affirm defendant's convictions, but remand for resentencing.

The evidence at trial established that, in separate incidents, defendant pulled the victim's pants down and inserted his penis into the victim's rectum, shocked the victim with a taser and thereafter pulled his own penis out and told the victim to put it in his mouth, and pistol-whipped the victim after he would not give defendant money. After executing a search warrant on defendant's apartment, the police found three firearms inside. While in jail, defendant wrote to the victim and instructed him to tell the police and the court that he wanted to drop the charges.

On appeal, defendant first argues that defense counsel was ineffective for failing to move to sever for trial the charges brought against him. In establishing ineffective assistance of counsel, a defendant must first "show that counsel's performance was deficient." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). In other words, defendant must show that "counsel's performance fell below an objective standard of reasonableness . . . ." *People v Pickens*, 446 Mich 298, 338; 521 NW2d 797 (1994). Second, "the defendant must show that the deficient performance prejudiced the defense." *Carbin*, 463 Mich at 600.

Defendant has not shown that defense counsel was objectively unreasonable for failing to move to sever his charges. Under MCR 6.120(B), joinder is permitted if offenses are "related." "Offenses are 'related' if they comprise either the same conduct or a series of connected acts or acts constituting part of a single scheme or plan." *People v Williams*, 483 Mich 226, 233; 769

-1-

NW2d 605 (2009) (citation and some internal quotations marks omitted).[1]  Moreover, "multiple offenses may be 'related' as part of a single scheme or plan despite a lack of temporal proximity."  *Id.* at 241 n 18.

Here, defendant was charged, in part, with third-degree CSC, assault with intent to commit penetration, and felonious assault.  These charges constituted "the same conduct" that was a "part of a single scheme or plan" of bullying and assaulting, including sexually assaulting or trying to sexually assault, the victim.  *Id.* at 233.  Moreover, defendant was charged with storing a stolen firearm and two counts of felony-firearm related to the felonious assault (recall the victim was pistol-whipped) and the storing of a stolen firearm charges.  The firearm charges were properly joined with the rest of the charges because defendant's possession and use of a firearm during the felonious assault were relevant, and because the evidence supported that defendant was abusive and assaultive to the victim, which was pertinent to explain why the victim delayed reporting the criminal sexual conduct and the assault with the gun to the police.  Moreover, the storing a stolen firearm and the related count of felony-firearm were also properly joined with the rest of the charges because the presence of firearms, which the victim knew about, was also relevant to why the victim was afraid of defendant and delayed reporting defendant's acts.

Finally, evidence regarding all of these charges was necessary in order to explain the witness intimidation charge.  Defendant's charges were related, *id.*, and as a result, joinder was proper.  MCR 6.120(B).  Because joinder was proper, defense counsel was not objectively unreasonable for failing to move to sever the charges.  *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) ("Failing to advance a meritless argument . . . does not constitute ineffective assistance of counsel.").

Defendant has also not established "the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different."  *Carbin*, 463 Mich at 600.  The trial court instructed the jury to consider each crime separately and it made it clear to the jury on which date the jury was required to find that each charge occurred.  "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors."  *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003).  These instructions safeguarded any possible prejudice from not securing these charges for separate trials.  Hence, defendant has not established prejudice.  *Carbin*, 463 Mich at 600.

Defendant next argues that the trial court misscored offense variables (OVs) 4 and 11.  A trial court's factual determinations during sentencing are reviewed for clear error and must be supported by a preponderance of the evidence.  *People v Hardy*, 494 Mich 430, 438; 835 NW2d

---

[1] The *Williams* Court analyzed the prior version of MCR 6.120 which was amended effective January 1, 2006.  The prior version stated that offenses were related if "based on (1) the same conduct, or (2) a series of connected acts or acts constituting part of a single scheme or plan."  The 2006 amendment essentially divided subsection (2) into two separate parts. Thus, the analysis with regard to the current rule is applicable.  See *Williams,* 483 Mich at 233.

340 (2013). A court should score OV 4 at 10 points when "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34. Here, the victim stated, "[defendant] has humiliated me and scared me. I felt helpless and vulnerable. I felt sickened and nauseous." Moreover, at the time of sentencing, the victim was attending trauma therapy because of defendant's acts. Thus, a preponderance of the evidence, *Hardy*, 494 Mich at 438, supports a finding that the victim suffered "serious psychological injury requiring professional treatment," and the trial court properly scored OV 4 at 10 points. MCL 777.34.

Next, a trial court properly scores OV 11, criminal sexual penetration, at 25 points when "[o]ne criminal sexual penetration occurred." MCL 777.41(1)(b). However, a trial court cannot score "points for the 1 penetration that forms the basis of a first- or third-degree criminal sexual conduct offense." MCL 777.41(2)(c). Both defendant and the prosecution agree that only one penetration was established at trial, which was the basis of the third-degree CSC charge. Because a trial court cannot score "points for the 1 penetration that forms the basis of a first- or third-degree criminal sexual conduct offense," we hold that the trial court erred in scoring OV 11 at 25 points. MCL 777.41(2)(c). Because the error alters defendant's minimum sentencing range under the legislative guidelines, defendant is entitled to resentencing. *People v Moore*, 490 Mich 965; 806 NW2d 306 (2011).

Defendant also presents multiple arguments in his Standard 4 brief. Defendant first argues that defense counsel failed to inform him of his right to testify. "In the absence of an evidentiary record regarding defendant's claims, our review is limited to deficiencies apparent on the record." *People v Johnson (On Rehearing)*, 208 Mich App 137, 142; 526 NW2d 617 (1994). Nothing in the record indicates that defense counsel failed to consult with defendant. Thus, defendant has failed to establish the factual predicate for his claim of ineffective assistance of counsel, *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999), and "we are unable to address counsel's alleged failure[] to . . . discuss strategy with defendant," *Johnson*, 208 Mich App at 142.[2]

Defendant also argues that defense counsel failed to present exculpatory evidence. Specifically, defendant first argues that he informed defense counsel that he knew of multiple witnesses who would have testified regarding defendant's location on the days the alleged incidents occurred. "Trial counsel is responsible for preparing, investigating, and presenting all substantial defenses." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009) (citation omitted). Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy. *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). The failure "to interview witnesses does not itself establish inadequate preparation. It must be shown that the failure resulted in counsel's ignorance of valuable evidence which would have substantially benefited the accused." *People v Caballero*, 184 Mich App 636, 642; 459 NW2d 80 (1990) (citations omitted). Here, nothing in the record indicates

---

[2] The signed statements submitted by defendant are not affidavits as they were not notarized or otherwise sworn to before an appropriate person. *Prussing v Gen Motors Corp*, 403 Mich 366, 369-370; 269 NW2d 181 (1978).

that the multiple witnesses referred to by defendant on appeal existed or that defendant informed defense counsel of these potential witnesses. Thus, defendant has failed to establish "the factual predicate for his claim of ineffective assistance of counsel." *Hoag*, 460 Mich at 6. Moreover, nothing in the record supports defendant's assertion that the witnesses would have testified favorably at trial. *Id.* Thus, defendant has not shown that the failure to interview the witnesses "resulted in counsel's ignorance of valuable evidence which would have substantially benefited the accused." *Caballero*, 184 Mich App at 642 (citation omitted).

According to defendant, further cross-examination of his wife would have resulted in her testifying that defendant was not in the apartment complex on the days the alleged acts occurred. Defendant cites to nothing in the record, and nothing in the record supports defendant's assertion, that his wife would have testified favorably at trial pertaining to his location on the days that the alleged incidents occurred. Thus, defendant has failed to establish "the factual predicate for his claim of ineffective assistance of counsel." *Hoag*, 460 Mich at 6.[3]

Defendant next argues that other evidence elicited regarding defendant's abuse of the victim was inadmissible under MRE 404(b).

Prior bad acts evidence is admissible if: (1) a party offers it to prove "something other than a character to conduct theory" as prohibited by MRE 404(b); (2) the evidence fits the relevancy test articulated in MRE 402, as "enforced by MRE 104(b)"; and (3) the balancing test provided by MRE 403 demonstrates that the evidence is more probative of an issue at trial than substantially unfair to the party against whom it is offered, defendant in this case. *People v Hawkins*, 245 Mich App 439, 447-448; 628 NW2d 105 (2001), quoting *People v VanderVliet*, 444 Mich 52, 74-75; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994).

MRE 404(b) "is a rule of inclusion that contains a nonexclusive list of 'noncharacter' grounds on which evidence may be admitted. This rule permits the admission of evidence on

---

[3] Defendant argues that defense counsel failed to request medical records pertaining to the assaults, but nothing in the record supports that medical records even existed. Moreover, even assuming records existed, defendant does not reference the content of any potential medical record and their possible effect on the proceedings. Thus, defendant has failed to establish "the factual predicate for his claim of ineffective assistance of counsel," *Hoag*, 460 Mich at 6, and has failed to establish defense counsel was objectively unreasonable, *Pickens*, 446 Mich at 338. In addition, the prosecution was not required to prove any of the guns were operable, see *People v Peals*, 476 Mich 636, 656; 720 NW2d 196 (2006), *People v Prather*, 121 Mich App 324, 328-329; 328 NW2d 556 (1982); *People v Ware*, 97 Mich App 728, 731; 296 NW2d 164 (1980), and *People v Boswell*, 95 Mich App 405, 409; 291 NW2d 57 (1980), so defendant has failed to establish that defense counsel was ineffective by failing to investigate the operational status of his guns, *Ericksen*, 288 Mich App at 201.

any ground that does not risk impermissible inferences of character to conduct." *People v Starr*, 457 Mich 490, 496; 577 NW2d 673 (1998). First, contrary to defendant's assertion, the challenged evidence was not introduced to draw character inferences, it was introduced to "explain [the victim's] delay in reporting the alleged abuse," which was proper under MRE 404(b). *People v Dunham*, 220 Mich App 268, 273; 559 NW2d 360 (1996). Second, the evidence was relevant. MRE 402. As noted, it was the prosecution's theory that the victim did not report any of the sexual incidents sooner because he was scared of defendant. The victim informed his caseworker about various abusive acts that defendant performed on him, and this evidence was introduced at trial. Thus, the fact that the victim was scared of defendant based upon these acts was relevant because it made it "more probable" that the victim was too scared of defendant to report his acts. MRE 401. *Dunham*, 220 Mich App at 273. Third, the evidence's probative value was not substantially outweighed by the danger of unfair prejudice. MRE 403. Defendant has not established the existence of plain error regarding the admission of the evidence, and defendant has not established a due process violation. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Defendant finally argues that the trial court erred in ordering restitution for his uncharged act of stealing the victim's money. Although defendant abandoned this issue by citing no authority stating that restitution cannot be based on uncharged conduct, the Supreme Court recently ruled that restitution cannot be based upon uncharged conduct. *People v McKinley*, 496 Mich 410, 419-420; 852 NW2d 410 (2014). Because this case requires a remand for resentencing, defendant may object to any part of the new sentence. *People v Rosenberg*, 477 Mich 1076; 729 NW2d 222 (2007).

We affirm defendant's convictions but remand for resentencing. We do not retain jurisdiction.

/s/ Henry William Saad
/s/ Peter D. O'Connell
/s/ Christopher M. Murray